Justin T. Toth (8438)
Maria E. Windham (10761)
Nathan L. Jepson (17141)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: jtoth@rqn.com
       mwindham@rqn.com
       njepson@rqn.com

*Attorneys for Defendant Spencer Taylor*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROGER WILSON; RAYMOND ROMBEN; OWENA BOMBEN; JOHN BOSSHARD III; SOPHANARITH CHEA; SHERMAN FREEZE; SANDRA FREEZE; CASSANDRA FREEZE; LUCY A. GROETSCH; ROBERT MICHAEL SAYERS; and WILFRED SINDON,<br><br>    Plaintiffs,<br>v.<br><br>MILLCREEK COMMERCIAL PROPERTIES, LLC; MILLROCK INVESTMENTS FUND 1, LLC; COLLIERS INTERNATIONAL dba EQUITY SUMMIT GROUP P.C.; BRENT SMITH; KEVIN G. LONG; SPENCER TAYLOR; BLAKE MCDOUGAL; MARY STREET; ANDREW BELL; SCOTT RUTHERFOD; ADP-MILLCREEK 1, LLC and DOES 1-10,<br><br>    Defendants. | **DEFENDANT SPENCER TAYLOR'S MOTION TO DISMISS**<br><br>Case No. 2:24-CV-00624-TC |

Defendant Spencer Taylor, by and through his undersigned counsel of record and pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil procedure, submits this Motion to Dismiss.

## RELIEF SOUGHT AND GROUNDS FOR RELIEF

Mr. Taylor moves to dismiss all claims against him under Rule 12(b)(6). Spread across ten different cause of action, Plaintiffs' claims fall into four general categories—claims sounding in fraud (including securities fraud), other state securities violations, the sale of unregistered securities, and state common law claims.

As to the first category, each of Plaintiffs' fraud claims should be dismissed for failure to plead facts with the particularity required by Federal Rule of Civil Procedure 9(b). The securities fraud claims should also be dismissed for the additional reason that Plaintiffs' claims do not satisfy the heightened pleading requirements of the Private Securities Litigation Reform Act ("PSLRA").

As to the second category, Plaintiffs' securities claims under state law should be dismissed for the additional reason that they do not involve a security as a matter of law.

As to the third category, Plaintiffs' claims for sale of unregistered securities should be dismissed because Plaintiffs have failed to meet their pleading burden to show the claims are within the applicable statute of limitations.

Finally, as to the fourth category, the Amended Complaint fails to plausibly state a claim for unjust enrichment against Mr. Taylor.

## INTRODUCTION

The Amended Complaint, which comprises 219 separately numbered allegations spanning 35 pages, is long on generalizations but short on well-pleaded facts that, if true, would state claims for relief against Mr. Taylor. Throughout the Amended Complaint, Plaintiffs repeatedly make generalized assertions about allegedly fraudulent statements or omissions made by "Defendants"

2

or "Millcreek/Colliers Parties" that allegedly caused harm to "Plaintiffs" collectively. But the Amended Complaint fails to support its causes of action with well-pleaded facts. Each of Plaintiffs' causes of action is asserted by Plaintiffs collectively, even their fraud claims. A careful review of the Amended Complaint reveals that Plaintiffs spend nearly a dozen pages recounting alleged misrepresentations made by "Defendants" in various marketing materials, but Plaintiffs fail to identify which Defendant relied on given specific representations. Plaintiffs similarly allege that representations were made during personal conversations, but fail to identify the participants, time and circumstances of the conversation, and specifically what was said. Plaintiffs' other causes of action are similarly deficient. The law does not permit Plaintiffs to proceed with claims that are so inadequately pleaded.

This Motion asks the Court to ignore Plaintiffs' generalizations and consider the alleged facts against Mr. Taylor that are actually set forth in the Amended Complaint. Mr. Taylor should not be forced to defend himself against claims that are so ill-defined and vaguely pleaded that he cannot discern what he is alleged to have done and to whom and the harm that allegedly resulted. Accordingly, Plaintiffs' claims against Mr. Taylor should be dismissed.

## ARGUMENT

On a motion to dismiss under Rule 12(b)(6), the court assumes that all well-pleaded factual allegations are true. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). But the Court need not consider allegations that are merely conclusory, nor is the Court bound by legal conclusions or opinions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under *Twombly*, a complaint will only survive a motion to dismiss if it pleads "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiffs' Complaint in this case fails to satisfy this standard.

## I. PLAINTIFFS' SECURITIES FRAUD CLAIMS SHOULD BE DISMISSED

Plaintiffs' First Cause of Action, asserting a claim for securities fraud under Section 10(b) of the Securities and Exchange Act and Rule 10b-5, should be dismissed because (A) Plaintiffs have not pleaded any alleged statements or omissions by Mr. Taylor with particularity, (B) Plaintiffs' claim fails to comply with the PSLRA.

### A. Plaintiffs Failed to Plead Their Securities Fraud Claim with Particularity

Securities fraud claims must be pleaded with particularity under Rule 9(b). *In re Level 3 Commc'ns, Inc. Sec. Litig.*, 667 F.3d 1331, 1333 (10th Cir. 2012). This requires well-pleaded factual allegations that "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Kock v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000); *see also St. Mark's Hosp.*, 895 F.3d at 745. Rule 9(b) requires that "'individual plaintiffs should identify particular defendants with whom they dealt directly . . ..'" *Arena Land & Inv. Co. v. Petty*, 906 F. Supp. 1470, 1476 (D. Utah 1994) (quoting *Seattle-First Nat'l Bank v. Carlstedt*, 800 F.2d 1008, 1011 (10th Cir. 1986)).

Plaintiffs' claim for securities fraud fails these basic requirements. Instead, to support their securities fraud claims, Plaintiffs rely on generalized statements about "Defendants" making misrepresentations to "Plaintiffs." *See* Amended Complaint, ¶ 139. For many pages of the Amended Complaint, Plaintiffs recount alleged inaccuracies in Millcreek Commercial's ("Millcreek") marketing materials, but do not allege that Mr. Taylor was directly involved with or responsible for any specific marketing materials. *Id.* ¶¶ 63-105. Following these allegations made against "Defendants," Plaintiffs then seek to incorporate "all other allegations in the Complaint" (*id.* ¶ 134) and other non-specific assertions of "untrue statements of material facts and omitted material facts" (*id.* ¶ 136) into the First Cause of Action for violations of Section 10(b) and Rule

4

10b-5. Plaintiff then adopt an improper "shotgun pleading" format in a blanket attempt to capture all of Defendants without identify which, if any, of them are responsible for which material statements and omissions. *Id.* ¶¶ 137-138. In paragraph 138, Defendants also allege that "Defendants all made" certain misrepresentations and omissions, including with respect to due diligence, risk analysis, capitalization rates, tenants, the guarantor, bonds, and whether the TIC investments were securities.

However, nowhere do Defendants identify any specific false statement or omission allegedly made by Mr. Taylor. Plaintiffs also do not allege that any specific Defendant relied on any statement from Mr. Taylor. In fact, the Amended Complaint does not even specify whether Mr. Taylor made any such statements verbally, or through written correspondence, or through marketing materials. *See* Amended Complaint, ¶ 139. These allegations do not specify the time or place of any alleged misrepresentations or omissions by Mr. Taylor, nor do they specify the contents, the identities of the parties involved, or any alleged consequences. *Koch*, 203 F.3d at 1236. Plaintiffs' securities fraud claim does not alert Mr. Taylor as to who allegedly said what to whom, how any such statement was allegedly misleading, or the harm that any such statement allegedly caused.

As a result, Plaintiffs' Amended Complaint devolves into an improper "shotgun pleading" for Mr. Taylor denying him "fair notice of the factual and legal bases for each claim *against him. See Southwell v. Allstate Property and Cas. Co.,* 2020 WL 4287194, *2 (D. Colo). As the *Southwell* court recognized:

> "The law recognizes a significant difference between notice pleading and 'shotgun' pleading." *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989). "Shotgun pleading is a type of pleading that 'contains several counts or causes of action, each of which incorporates by reference the entirety of its predecessors.'" *Elec. Payment Sys., LLC v. Elec. Payment Sols. of Am., Inc*., No.

5

14-cv-02624-WYD-MEH, 2018 WL 6790307, at *1 (D. Colo. Nov. 28, 2018) (quoting *Jacobs v. Credit Suisse First Boston*, No. 11-cv-00042-CMA-KLM, 2011 WL 4537007, at *6 (D. Colo. Sept. 30, 2011)). "[T]he shotgun pleader foists off one of the pleading lawyer's critical tasks—sifting a mountain of facts down to a handful of those that are relevant to a given claim—onto the reader." *Greenway Nutrients, Inc. v. Blackburn*, 33 F. Supp. 3d 1224, 1243 (D. Colo. 2014) (quoting Jacobs, 2011 WL 4537007, at *6).

This generalized, non-specific pleading toward Mr. Taylor does not satisfy Rule 9(b) and Plaintiffs' cause of action for securities fraud should be dismissed.

### B.     Plaintiffs Failed to Plead the Elements Required by the PLSRA

In addition to satisfying Rule 9(b), a federal securities law claim under Section 10(b) of the Exchange Act and Rule 10b-5 must also satisfy the heightened pleading requirements of the PSLRA. Plaintiffs' claim in this case fails to do so. A plaintiff suing under Section 10(b) "bears a heavy burden at the pleading stage." *In re Level 3 Comm'ns,* 667 F.3d at 1333. To "properly" state a claim under Rule 10b-5, each Plaintiff must allege facts showing:

> (1) the defendant made an untrue or misleading statement of material fact, or failed to state a material fact necessary to make statements not misleading; (2) the statement complained of was made in connection with the purchase or sale of securities; (3) the defendant acted with scienter, that is, with intent to defraud or recklessness; (4) the plaintiff relied on the misleading statements; and (5) the plaintiff suffered damages as a result of his reliance.

*In re Gold Resource Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015).

The PSLRA imposes heightened pleading requirements on the first and third elements. As to the first element, a complaint must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading . . .." 15 U.S.C. § 78u–4(b)(1). As to the third element, which requires that a defendant acted with scienter, a complaint must "with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)

6

(emphases added). "A complaint will survive [a Rule 12(b)(6) motion] . . . only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007). A court "must dismiss complaints that do not meet these requirements." *Blackmore/Cannon Dev.*, 2010 WL 1816275, *4 (citing 15 U.S.C. § 78u-4(b)(3)).

Here, Plaintiffs' securities fraud claim fails to satisfy *any* of the required elements under the PLSRA. Despite 35 pages and more than 219 individually numbered paragraphs of allegations, Plaintiffs' Amended Complaint fails to identify any allegedly untrue statements or omissions by Mr. Taylor in connection with the purchase or sale of a security on which Plaintiffs claim to have relied to their harm. The Amended Complaint does not specify each allegedly misleading statement, let alone why any statement was allegedly misleading. Rather, Plaintiffs vaguely refer to an over ten-page range of their Complaint and make conclusory allegations that collectively reference "Plaintiffs" and "Defendants" without specifying the actual individuals allegedly involved.

Neither does the Amended Complaint allege particular facts showing a strong inference that Mr. Taylor acted recklessly or with an intent to defraud with respect to any particular act or omission. The Amended Complaint contains only conclusory recitations of the supposed mental state of the collective "Defendants," baldly asserting that they acted knowingly, willfully, recklessly, or intentionally. Plaintiffs do not plead facts that could establish a strong inference that any alleged act or omission of Mr. Taylor involving any particular Plaintiff was made with the required scienter. Accordingly, Plaintiffs' securities fraud claim should be dismissed.

## II. PLAINTIFFS' CLAIMS FOR THE SALE OF UNREGISTERED SECURITIES SHOULD BE DISMISSED

A plaintiff asserting claims under securities registration violations under Section 13 [15 U.S.C. § 77m] carries the affirmative "burden of pleading that their registration claims fall within the applicable one-year statute of limitations." *Lillard v. Stockton*, 267 F. Supp. 2d 1081, 1115 (N.D. Okla. 2003); *In re Biozoom, Inc. Sec. Litig.*, 93 F. Supp. 3d 801, 809 (N.D. Ohio 2015) ("In a claim for a Section 12(a)(1) violation, compliance with the statute of limitations must be affirmatively pleaded."); *Toombs v. Leone*, 777 F.2d 465, 468 (9th Cir.1985).

In this case, the Amended Complaint alleges that "Defendants" (including Mr. Taylor) engaged in the sale of unregistered securities. *See* Amended Complaint, ¶¶ 144-149. According to Plaintiffs, these allegedly wrongful sales involved eleven different named defendants, eleven different Plaintiffs, and eight different properties. But the Amended Complaint fails to identify a single date for any alleged sale. Based on Plaintiffs' deficient pleading, it is impossible to assess whether the alleged violations fall within the one-year statute of limitations. Plaintiffs have failed to carry their pleading burden with respect to their Second Cause of Action asserting a claim for the sale of unregistered securities and their claim should be dismissed.

## III. PLAINTIFFS' CONTROL PERSON LIAIBLITY CLAIMS SHOULD BE DISMISSED

Because Plaintiffs have failed to allege facts to plausibly show that Mr. Taylor had control over either Millcreek Commercial or Colliers International, Plaintiffs' Third Cause of Action for control person liability under the Securities Exchange act should be dismissed.

"[T]o state a prima facie case for control person liability, the plaintiff must establish (1) a primary violation of the securities laws and (2) 'control' over the primary violator by the alleged controlling person." *Combs v. SafeMoon LLC*, 2024 WL 1347409, at *23 (D. Utah Mar. 29, 2024),

*citing Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1305 (10th Cir. 1998). "SEC regulations define 'control' as 'the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise.'" *Combs v. SafeMoon LLC*, 2024 WL 1347409, at *23 (D. Utah Mar. 29, 2024), *citing* 17 C.F.R. § 230.405.

With respect to Mr. Taylor, Plaintiffs "do not plausibly allege that he had control over the management or policies" at Millcreek. *See Combs v. SafeMoon LLC*, 2024 WL 1347409, at *23 (D. Utah). The allegations that Mr. Taylor was an "employee" and "agent" of Millcreek, and that he was a "close business associate" of other Defendants are far from sufficient. *See* Amended Complaint, ¶¶ 31, 68. Likewise, Plaintiffs' generalized allegations that "Defendants" had control over Millcreek and Colliers fails to satisfy *Maher*. *See* Amended Complaint, ¶ 152. In cases like this, when a "plaintiff does not plead any facts from which it can reasonably be inferred the defendant was a control person," then "dismissal is [the] appropriate" remedy. *Maher,* 144 F.3d at 1306; *see also Combs v. SafeMoon LLC*, 2024 WL 1347409, at *25 (D. Utah Mar. 29, 2024) (same). Accordingly, Plaintiffs' control person liability claim should be dismissed.

**IV.   PLAINTIFFS' STATE SECURITIES FRAUD AND VIOLATIONS CLAIMS SHOULD BE DISMISSED**

Plaintiffs' claims for securities fraud and securities violations under Utah law, including their Fourth, Fifth, and Sixth Causes of Action, should be dismissed because the "TIC interests" at issue in this case are not securities under Utah law.

The Utah Uniform Securities Act defines a "security" to NOT include the following:

(II)   an undivided fractionalized long-term estate in real property that consists of 10 or fewer owners; or

> (III) an undivided fractionalized long-term estate in real property that consists of more than 10 owners if, when the real property estate is subject to a management agreement: (Aa) the management agreement permits a simple majority of owners of the real property estate to not renew or to terminate the management agreement at the earlier of the end of the management agreement's current term, or 180 days after the day on which the owners give notice of termination to the manager; and (Bb) the management agreement prohibits, directly or indirectly, the lending of the proceeds earned from the real property estate or the use or pledge of its assets to a person or entity affiliated with or under common control of the manager.

Utah Code Ann. § 61-1-13(1)(ee)(ii).

The Amended Complaint alleges that Plaintiffs purchased TIC interests in the Millcreek Properties subject to a management agreement and long-term lease. Such undivided, fractionalized, long-term interests in real property are explicitly exemption from the definition of a "security" under Utah law. *See* Utah Code Ann. § 61-1-13(1)(ee)(ii). Therefore, Plaintiffs' Fourth Cause of Action alleging state law securities fraud, Fifth Cause of Action alleging state laws securities violations, Sixth Cause of Action alleging aiding and abetting state law securities fraud should each be dismissed.

## V. PLAINTIFFS' COMMON LAW FRAUD CLAIMS SHOULD BE DISMISSED

Plaintiffs' Seventh Cause of Action for common law fraud should be dismissed because Plaintiffs have not pled their claims with the requisite particularity. As previously explained *supra* in Section I, Rule 9(b)'s heightened pleading standard for fraud claims requires Plaintiffs to "state with particularity the circumstances constituting fraud or mistake." *TDC Lending LLC v. Private Capital Group, Inc.*, 340 F. Supp. 3d 1218, 1224 (D. Utah Sept. 13, 2018) (internal citations omitted). To meet this pleading standard, Plaintiffs must "set forth the who, what, when, where and how of the alleged fraud" and describe "the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof."

*Id. See also Summit Mountain Holding Grp., LLC v. Summit Vill. Dev. Lender 1*, LLC, 2024 WL 4905639, at *9 (D. Utah Nov. 27, 2024). "The elements of a fraud cause of action consist of a misrepresentation or material omission of fact which was false and known to be false by the defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury." *Summit Mountain Holding Grp., LLC v. Summit Vill. Dev. Lender 1*, LLC, 2024 WL 4905639, at *9 (D. Utah Nov. 27, 2024).

In this case, Plaintiffs' common law fraud pleading fails to satisfy any of the required fraud elements with respect to Mr. Taylor. The Amended Complaint does not identify any specific statements or omissions made by Mr. Taylor upon which any Defendant allegedly relied to their detriment. *See generally* Amended Complaint. Instead, the Amended Complaint relies on general allegations that "Defendants" made "false statements." *See id.* ¶ 179.

Neither does the Amended Complaint allege particular facts showing a strong inference that Mr. Taylor acted recklessly or with an intent to defraud with respect to any particular act or omission. The Amended Complaint contains only conclusory recitations of the supposed mental state of the collective "Defendants," baldly asserting that "Defendants" alleged conduct was "intentional, knowing, reckless, and malicious." *See id.* ¶ 186. Plaintiffs do not plead facts that could establish a strong inference that any alleged act or omission of Mr. Taylor's was made with the required scienter. Plaintiffs' vague pleading of common law fraud against Mr. Taylor does not satisfy Rule 9(b) and Plaintiffs' Seventh Cause of Action should be dismissed.

## VI. PLAINTIFFS' NEGLIGENT MISREPRESENTATION CLAIM SHOULD BE DISMISSED

Plaintiffs' Eighth Cause of Action for negligent misrepresentation relies on the same set of facts as their common law fraud claim. This Court has recognized that under Utah law "negligent misrepresentation constitutes a form of fraud," and therefore, "the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure applies to negligent misrepresentation claims." *Logan v. Bank of Am.*, N.A., 2012 WL 5874364, at *3 (D. Utah Nov. 20, 2012). *See also Eldredge v. SecurityNational Mortg. Co.*, 2012 WL 681786, at *5 (D. Utah Jan. 25, 2012), *report and recommendation adopted sub nom. Eldredge v. Sec. Nat. Mortg. Co.*, No. 2:11-CV-539 DS-PMW, 2012 WL 676401 (D. Utah Feb. 29, 2012) (dismissing negligent misrepresentation claim that failed to meet "the heightened pleading requirements of rule 9(b).").

Plaintiffs' Amended Complaint fails this clear requirement. For example, Plaintiffs assert that "Defendants made false representations to Plaintiffs as detailed above." *See* Amended Complaint, ¶ 189. And the immediately preceding section is Plaintiffs' common law fraud claim. *See id*. Basing their claim in fraud terms, Plaintiffs allege that Defendants' false misrepresentations induced Plaintiffs to buy shares of the Millcreek Properties. *See id.* ¶ 194. Notably, Plaintiffs' negligent misrepresentation claim does not include any unique factual allegations that would distinguish it from their common law fraud claim. *See id.* ¶¶ 187-198. For the reasons stated above in Section V, Plaintiffs' generalized, non-specific pleading of their negligent misrepresentation claim against Mr. Taylor does not satisfy Rule 9(b) and their Eighth Cause of Action should be dismissed.

### VII.   PLAINTIFFS' BREACH OF FIDUCIARY DUTY CLAIM AGAINST MR. TAYLOR SHOULD BE DISMISSED

Plaintiffs' Ninth Cause of action for breach of fiduciary duty should be dismissed against Mr. Taylor for failure to state a claim. Under Utah law, a breach of fiduciary must be based on the following four elements: "(1) a fiduciary relationship; (2) breach of the fiduciary's duty; (3) causation, both actual and proximate; and (4) damages." *First Am. Title Ins. Co. v. Nw. Title Ins. Agency, LLC*, 2016 WL 6902473, at *25 (D. Utah Nov. 23, 2016).

To satisfy the first element, a plaintiff must plead facts sufficient to plausibly establish that a fiduciary relationship existed between the plaintiff and the defendant. Under Utah law, a fiduciary relationship only exists under specific, narrow circumstances.

> A fiduciary relationship imparts a position of peculiar confidence placed by one individual in another. A fiduciary is a person with a duty to act primarily for the benefit of another. A fiduciary is in a position to have and exercise and does have and exercise influence over another. A fiduciary relationship implies a condition of superiority of one of the parties over the other. Generally, in a fiduciary relationship, the property, interest or authority of the other is placed in the charge of the fiduciary.

*Fid. & Deposit Co. of Maryland v. Goran, LLC*, No. 2:17-CV-00604-TC-JCB, 2021 WL 2418624, at *2 (D. Utah June 14, 2021), *citing First. Sec. Bank of Utah N.A. v. Banberry Dev. Corp.*, 786 P.2d 1326, 1333 (Utah 1990).

In this case, Plaintiffs have not alleged any facts to show there was a fiduciary relationship between Mr. Taylor and Plaintiffs. The Amended Complaint contains limited allegations against Mr. Taylor, including that he was an employee of Millrock, worked closely with the other Defendants, was involved in marketing and selling TIC interests, was not registered with FINRA, and that he communicated with Defendants about the Millcreek Properties. *See* Amended Complaint, ¶¶ 31, 68, 69, 79, 111, 117, 152.  None of these allegations imply a fiduciary duty

running from Mr. Taylor to Defendants. The mere (alleged) fact that Mr. Taylor was an employee of Millcreek who interacted with Plaintiffs does not create a fiduciary relationship because it does not create any "peculiar confidence" placed in Mr. Taylor. Based on these sparse allegations, Mr. Taylor was not obligated to "act primarily for the benefit" of Plaintiffs, and no Plaintiff placed their "interest or authority" in his "charge." *Fid. & Deposit Co. of Maryland v. Goran, LLC*, No. 2:17-CV-00604-TC-JCB, 2021 WL 2418624, at *2 (D. Utah June 14, 2021). Because Plaintiffs have failed to demonstrate that Mr. Taylor owed them a fiduciary duty, their breach of fiduciary duty claim against him must necessarily fail and be dismissed. *See Zurich Am. Ins. Co. v. Ascent Constr., Inc.*, 2022 WL 36878, at *3 (D. Utah Jan. 3, 2022).

### VIII. PLAINTIFFS' UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED

Plaintiffs' Tenth Cause of action for unjust enrichment should be dismissed against Mr. Taylor for failure to state a claim under Rule 8(a)(2). An unjust enrichment claim must establish the following three elements:

- "First, there must be a benefit conferred on one person by another."
- "Second, the conferee must appreciate or have knowledge of the benefit."
- Third, "there must be acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value."

*Groberg v. Housing Opportunities, Inc.*, 68 P.3d 1015, 1019 (Utah Ct. App. 2003).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to "provide a short and plain statement of the claim showing that the pleader is entitled to relief." Under *Iqbal*, the Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and a complaint that merely alleges "labels and conclusions," "a formulaic

recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" should be dismissed under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (internal quotations and alteration omitted). With respect to unjust enrichment claims against corporate representatives, Utah federal district courts have recognized that such claims fail when "the benefit, if any, was conferred on the corporation, and not the individual defendants." *Brumbelow v. L. Offs. of Bennett & Deloney*, P.C., 372 F. Supp. 2d 615, 622–23 (D. Utah 2005).

In this case, Plaintiffs' unjust enrichment claim once again relies on generalized allegations, including that "Plaintiffs" conferred a benefit on "Defendants" by investing in Millcreek Properties, "Defendants" received a benefit "in the form of commissions or other compensation," and "Defendants" benefited from "direct use" of investment proceeds and "perpetuation of the overall scheme." *See* Amended Complaint, ¶¶ 214-215.

These generalized allegations fail to identify any benefit conferred on Mr. Taylor, as opposed to Millcreek or other Defendants. Plaintiffs' unjust enrichment claim does not rise above "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. Therefore, it fails to meet the requirements of Rule 8 and should be dismissed with respect to Mr. Taylor for failure to state a claim.

## **CONCLUSION**

BASED ON THE FOREGOING, defendant Spencer Taylor respectfully requests that the Court dismiss all claims against him in Plaintiffs' Amended Complaint.

DATED this 31st day of January 2025.

**RAY QUINNEY & NEBEKER P.C.**

 /s/ Nathan L. Jepson
Justin T. Toth
Maria E. Windham
Nathan L. Jepson

*Attorneys for Defendant Spencer Taylor*

## CERTIFICATE OF SERVICE

I hereby certify on this 31st day of January 2025, I caused a true and correct copy of the foregoing **DEFENDANT SPENCER TAYLOR'S MOTION TO DISMISS** to be filed via the Court's electronic filing system, which automatically provides notice to counsel of record.

*/s/ Ashley Rollins*