IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROGER WILSON, an individual; RAYMOND BOMBEN, an individual; OWENA BOMBEN, an individual; JOSH BOSSHARD, an individual; SOPHANA CHEA, an individual; SHERMAN FREEZE, an individual; SANDRA FREEZE, an individual; CASSANDRA FREEZE, an individual; LUCY A. GROETSCH, an individual; ROBERT MICHAEL SAYERS, an individual; and WILFRED SINDON, an individual<br><br>　　　Plaintiffs,<br><br>v.<br><br>MILLCREEK COMMERCIAL PROPERTIES, LLC, a Utah limited liability company; MILLROCK INVESTMENT FUND 1, LLC, a Utah limited liability company; COLLIERS INTERNATIONAL, a business operating in Utah under a dba; EQUITY SUMMIT GROUP P.C., a Utah corporation; BRENT SMITH, an individual; KEVIN G. LONG, an individual; SPENCER TAYLOR, an individual; ANDREW BELL, an individual; SCOTT RUTHERFORD, an individual; MARK MACHLIS, an individual; GREEN IVY REALTY, INC., a Utah corporation; and DOES 1-10, individuals or entities,<br><br>　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO AMEND**<br><br>No. 2:24-cv-00624-TC-CMR<br><br>Judge Tena Campbell<br><br>Magistrate Judge Cecilia M. Romero |

　　　This fraud case arises out of an investment by Plaintiffs Roger Wilson; Raymond Bomben, Owena Bomben, John Bosshard, Sophana Chea, Robert Michael Sayers, Sherman Freeze, Sandra Freeze, Cassandra Freeze, Lucy A. Groetsch, and Wilfred Sindon in a commercial

1

real estate scheme orchestrated by Defendants Millcreek Commercial Properties, LLC (Millcreek); Millrock Investment Fund 1 LLC (Millrock); Colliers International (Colliers); Equity Summit Group P.C. (Equity Summit Group); Brent Smith; Kevin G. Long; Andrew Bell; Scott Rutherford; Mark Machlis; Green Ivy Realty, Inc. (Green Ivy Realty), and Does 1–10. This matter comes before the court on the Plaintiffs' motion for leave to file a second amended complaint (the Second Amended Complaint) (ECF No. 87), a motion which was filed after several of the Defendants had answered the First Amended Complaint or moved to dismiss the case. For the reasons discussed below, the court grants the Plaintiffs' motion for leave to amend and denies without prejudice the Defendants' three pending motions to dismiss.

## PROCEDURAL BACKGROUND

The Plaintiffs filed their original complaint on August 22, 2024. (Compl., ECF No. 2). On November 8, 2024, the Plaintiffs filed their First Amended Complaint for the purpose of terminating three Defendants: Mary Street, ADP-Milllcreek 1, LLC, and Blake McDougal. (ECF No. 6.) Several Defendants filed four separate motions seeking to dismiss the Plaintiffs' First Amended Complaint.[1]

Green Ivy Realty and Mr. Machlis filed their motion to dismiss on January 21, 2025. (Green Ivy Realty & Machlis Mot. Dismiss, ECF No. 54.) After stipulating to an extension for filing their opposition on the basis that "Plaintiffs anticipate[d] filing a second amended complaint thereby rendering the motion moot" (ECF No. 68), the Plaintiffs filed their opposition to the Green Ivy Realty & Machlis motion on March 13, 2025. (Pls.' Opp'n Green Ivy Realty & Machlis Mot. Dismiss, ECF No. 84.) Next, Mr. Long filed a motion to dismiss the First

---

[1] A fourth motion to dismiss the First Amended Complaint was filed by Mr. Taylor, whom the Plaintiffs have since voluntarily dismissed. (Taylor Mot. Dismiss ECF No. 64; Pls.' Not. Voluntary Dismissal of Spencer Taylor, ECF No. 72.)

2

Amended Complaint on February 18, 2025. (Long Mot. Dismiss, ECF No. 71.) The Plaintiffs filed their opposition to Mr. Long's motion on March 18, 2025. (Pls.' Opp'n Long Mot. Dismiss, ECF No. 86.) Millrock and Mr. Smith filed the third now-pending motion on March 7, 2025, to which the Plaintiffs have not yet responded. (Millrock & Smith Mot. Dismiss, ECF No. 80.) Several other Defendants have filed answers to the Plaintiffs' First Amended Complaint. (Colliers Ans., ECF No. 51; Bell Ans., ECF No. 58; Equity Summit Group & Rutherford Ans., ECF No. 62.) One Defendant, Millcreek, still has not filed its answer.[2]

On March 21, 2025, the Plaintiffs moved for leave to file a Second Amended Complaint. (ECF No. 87). The Plaintiffs argue that their proposed Second Amended Complaint will not prejudice the Defendants given that discovery has not yet begun, a scheduling order has not yet been issued, and because Millcreek's answer remains outstanding. Further, they claim that granting leave to amend is in the interest of justice because the Second Amended Complaint "provides additional factual detail supporting claims, corrects substantive clerical errors, and details in a more accurate manner the claims in the Complaint." (Id. at 1.) Finally, the Plaintiffs argue that if the court grants the motion, then all three pending motions to dismiss should be denied without prejudice because the "Second Amended Complaint addresses many of the points brought by Defendants in their motions to dismiss, and [because] the additional clarifications will facilitate a determination of the Plaintiffs' claims based on the merits of those claims." (Id. at 2.)

---

[2] On April 7, 2025, the court allowed counsel Bentley J. Tolk and Rodger Moore Burge to withdraw from their representation of Millcreek. (Order dated April 7, 2025, ECF No. 94.) If Plaintiffs intend to move for default judgment against Millcreek, they shall first file their Second Amended Complaint so that any motion for default judgment refers back to the operative pleading.

On March 24, 2025, the court stayed the parties' briefing deadlines on the three pending motions to dismiss (Order dated March 24, 2025, ECF No. 89), recognizing that granting the Plaintiffs leave to file their Second Amended Complaint would require the court to deny without prejudice all three of these motions.  E.g., Brown v. Newey, No. 1:21-cv-154, 2022 WL 22287017, at *1 (D. Utah Aug. 2, 2022) (holding that a pending motion to dismiss was moot after the filing of an amended complaint because "[i]t is well-established that an 'amended complaint supersedes the original complaint and renders the original complaint of no legal effect'"); Franklin v. Kansas Dep't of Corr., 160 F. App'x 730, 734 (10th Cir. 2005).  The court provided the Defendants ten days to oppose the Plaintiffs' motion for leave to amend.  On April 3, 2025, Green Ivy Realty and Mr. Machlis submitted an opposition to the motion for leave to amend (ECF No. 91), as did Millrock and Mr. Smith.  (ECF No. 92.)  Millcreek, Mr. Long, Equity Summit Group, Colliers, Mr. Rutherford, and Mr. Bell have not opposed the Plaintiffs' motion.

**LEGAL STANDARD**

"The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits."  Calderon v. Kansas Dep't of Soc. & Rehab. Servs., 181 F.3d 1180, 1186 (10th Cir. 1999).  When reviewing a proposed amended complaint, courts ask "whether justice would be served by amendment."  Myers v. Loveland, 2013 WL 3381276, at *5 (D. Colo. July 8, 2013); see also Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006) ("[Rule 15(a)] itself states that 'leave shall be freely given when justice so requires.'  The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" (quoting Fed. R. Civ. P. 15(a); Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982))).  Refusing leave to amend is generally only justified "upon a showing of undue delay, undue

4

prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009).

## DISCUSSION

The court grants the Plaintiffs' motion for leave to amend for several reasons. First, the litigation is still in its early stages, meaning the prejudice to the Defendants is minimal. Second, there are no indications of bad faith related to the Plaintiffs' minimal delay. Indeed, the Defendants were or should have been on notice that the Plaintiffs would be requesting leave to amend, given their request for an extension to respond to the Green Ivy Realty & Machlis motion to dismiss. (See ECF No. 68.) Third, the amended pleadings, as some Defendants concede, remedy at least some of the legal issues that the Defendants cite in their respective motions to dismiss. Finally, the court notes that many of the Defendants—including Millcreek, Mr. Long, Equity Summit Group, Colliers, Mr. Rutherford, and Mr. Bell—do not oppose the motion.

Several Defendants argue that the court should deny leave to amend because the Plaintiffs' proposed amendments are "futile," and fail to address certain deficiencies in their First Amended Complaint. (ECF No. 91 at 4–10; ECF No. 92 at 3–4.) Futility arguments can be addressed on a motion for leave to amend. But here, in the interest of judicial economy, the court finds that these arguments will be better addressed in renewed motions to dismiss given that the Defendants concede that the Plaintiffs have added more particularized allegations of fraud relevant to certain Defendants (ECF No. 91 at 5) and because the Defendants' oppositions to amendment largely reiterate arguments from their now-pending motions to dismiss, which have not yet been fully briefed. See, e.g., Martinez v. Sellers, 2024 WL 586588, at *2 (E.D. Okla. Jan. 18, 2024) ("Defendants' futility arguments would be more efficiently and comprehensively considered in the context of a motion to dismiss"), report & recommendation

5

adopted, 2024 WL 580864 (E.D. Okla. Feb. 13, 2024).  Where, as here, the pleadings present "complex issues of law and a voluminous number of factual allegations, the [c]ourt believes that the better course is to liberally allow amendments that state a colorable claim and defer judgment as to whether they survive a motion to dismiss for failure to state a claim until such time when that motion is raised." Cousik v. City & Cnty. of Denver, 2022 WL 16713088, at *3 (D. Colo. Nov. 4, 2022) (citing Romero v. Reams, 2020 WL 6044323, at *5 (D. Colo. Oct. 13, 2020)).

Although the court recognizes that renewing the Defendants' now-pending motions to dismiss with new arguments to address the Plaintiffs' proposed Second Amended Complaint would impose some cost burden on the Defendants (see ECF No. 92 at 2–3), the court notes that, in arguing futility in opposition to this motion, most of these Defendants' work is already complete.  Accordingly, the cost and time-related prejudice to the Defendants, which courts generally consider to be "the most important factor in considering" a request to amend a complaint, is minimal. Four Winds Interactive, LLC v. 22 Miles, Inc., 2016 WL 9735783, at *2 (D. Colo. Oct. 31, 2016); see also Galvan v. First Vehicle Servs., Inc., 2020 WL 1166857, at *4 (D. Colo. Mar. 11, 2020); Stender v. Cardwell, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011).

Because the court grants the Plaintiffs' motion to amend, it will deny as moot the pending motions to dismiss without prejudice to any new motions to dismiss that Defendants may wish to file based on the allegations contained in the Plaintiffs' Second Amended Complaint.

**ORDER**

For the foregoing reasons, the court ORDERS as follows:

1. The Plaintiffs' motion for leave to amend (ECF No. 87) is GRANTED.  Plaintiffs shall file their Second Amended Complaint within 10 days of this order.

      2.      If the Plaintiffs elect to file a motion for default judgment against Defendant Millcreek, they shall do so after filing their Second Amended Complaint.

      3.      All three pending motions to dismiss (ECF Nos. 54, 71, 80) are DENIED without prejudice.

DATED this 7th day of April, 2025.

BY THE COURT:

TENA CAMPBELL  
United States District Judge