Matthew A. Steward (#7637)
Keith M. Woodwell (#7353)
Katherine E. Pepin (#16925)
CLYDE SNOW & SESSIONS
201 South Main Street, Suite 2200
Salt Lake City, Utah 84111
Tele./Fax: (801) 322-2516
mas@clydesnow.com
kmw@clydesnow.com
kep@clydesnow.com

*Attorneys for Defendants Mark Machlis
and Green Ivy Realty, Inc.*

IN THE UNITED STATES DIRECT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROGER WILSON, an individual; RAYMOND BOMBEN, an individual; OWENA BOMBEN, an individual; JOHN BOSSHARD, an individual; SOPHANARITH CHEA, an individual; SHERMAN FREEZE, an individual; SANDRA FREEZE, an individual; CASSANDRA FREEZE, an individual; LUCY A. GROETSCH, an individual; ROBERT MICHAEL SAYERS, an individual; WILFRED SINDON; an individual; and CRAIG MARSDEN, an individual,<br><br>Plaintiffs<br><br>v.<br><br>MILLCREEK COMMERCIAL PROPERTIES, LLC, a Utah limited liability company; MILLROCK INVESTMENT FUND 1, LLC, a Utah limited liability company; COLLIERS INTERNATIONAL, a business operating in Utah under dba; EQUITY SUMMIT GROUP, P.C., a Utah corporation; BRENT SMITH, an individual; KEVIN G. LONG, an individual; ANDREW BELL, an individual; SCOTT RUTHERFORD, an individual; MARK MACHLIS, an individual; GREEN IVY REALTY, INC., a Utah corporation; and DOES 1-10, individuals or entities,<br><br>Defendants. | **DEFENDANTS MARK MACHLIS AND GREEN IVY REALTY, INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Case No. 2:24-cv-00624-TC-CMR<br><br>Judge Tena Campbell<br>Magistrate Judge Cecilia M. Romero |

Pursuant to DUCivR 7-1 and Federal Rules of Civil Procedure 12 and 9, Defendants Mark Machlis ("**Machlis**") and Green Ivy Realty, Inc. ("**Green Ivy Realty**") submit this Motion to Dismiss the Second Amended Complaint (ECF No. 100) (hereinafter, the "**SAC**") filed by Plaintiffs Roger Wilson, Raymond Bomben, Owena Bomben, John Bosshard, Sophanarith Chea, Sherman Freeze, Sandra Freeze, Cassandra Freeze, Lucy A. Groetsch, Robert Michael Sayers, Wilfred Sindon, and Craig Marsden (collectively, "**Plaintiffs**").

## RELIEF SOUGHT AND GROUNDS

Plaintiffs assert numerous causes of action against nine named codefendants, including Machlis and Green Ivy Realty, and ten "Doe" defendants related to the sale of tenant in common ("**TIC**") investments in properties at multiple locations across the country, including Naperville, Illinois; Romeoville, Illinois; Pine Bluff, Arkansas; Kennesaw, Georgia; Draper, Utah; Bluffdale, Utah; Keller, Texas; and Crockett, Texas (collectively, the "**Millcreek Properties**"). In the SAC, Plaintiffs complain of the so-called "**Colliers/Millcreek Scheme**," wherein all nine named codefendants allegedly conspired to defraud Plaintiffs to purchase and invest in the Millcreek Properties. However, where Plaintiffs explained and delineated the involvement of the other codefendants as the cofounders, principals, employees and/or agents of the various entities involved in the Colliers/Millcreek Scheme, Plaintiffs have failed to allege any facts sufficient to demonstrate Machlis and Green Ivy Realty's involvement in the Colliers/Millcreek Scheme except for the allegation that "Machlis worked as an undisclosed agent of Colliers receiving kickbacks and fees for the investors he sold to or referred[,]"[1] and the unsubstantiated allegation that Machis was a "development partner" of Millrock Investment Fund I, LLC.[2] Thereinafter,

---

[1] *See* SAC, ECF No. 100, at ¶ 41.
[2] *Id.* at ¶ 43.

2

Plaintiffs' rely on the improper group pleading regarding Machlis and Green Ivy Realty's purported involvement in the Colliers/Millcreek Scheme.

This is Plaintiffs third chance to attempt to properly plead fraud allegations against Machlis and Green Ivy Realty. Despite this, the SAC is *still* insufficient to support the claims alleged against Machlis and Green Ivy, and all claims asserted against Machlis and Green Ivy should therefore be dismissed.

## STATEMENT OF RELEVANT FACTS

1. Green Ivy Realty is individually named in five (5) paragraphs in the SAC:

   a. "Machlis is the registered agent and principal broker of Green Ivy Realty."[3]

   b. "Defendant Green Ivy Realty, Inc. ("Green Ivy") is a Utah corporation."[4]

   c. "Collectively, Millcreek, Millrock, Colliers, Long, Equity Summit, Smith, Machlis, Bell, Rutherford, and Green Ivy are referred to herein as the "Millcreek/Colliers Parties" or "Defendants.""[5]

   d. "Machlis made these claims as a Green Ivy Realty Broker using his Green Ivy Realty email. Machlis was also secretly operating as an undisclosed paid agent for Colliers."[6]

   e. "On information and belief Machlis comingled funds with Green Ivy Realty and failed to respect corporate formalities. Green Ivy Realty is an alter ego of Machlis."[7]

---

[3] *Id*. at ¶ 42.
[4] *Id*. at ¶ 45.
[5] *Id*. at ¶ 48.
[6] *Id*. at ¶ 124.
[7] *Id*. at ¶ 125.

2. The SAC is devoid of any facts to support Plaintiffs' conclusory assertion that, "[o]n information and belief Machlis comingled funds with Green Ivy Realty and failed to respect corporate formalities."[8]

3. Machlis and Green Ivy are primarily referred to collectively with the other codefendants as the "Millcreek/Colliers Parties" or "Defendants."[9]

4. Other than falsely claiming that Machlis acted as an "undisclosed agent" of Colliers[10] and vaguely identifying Machlis as a "development partner" of Millrock Investment Fund 1, LLC,[11] the SAC does not allege or explain how Machlis and Green Ivy are related to or otherwise associated with the other named codefendants.

## ARGUMENT

### I. LEGAL STANDARD

When deciding a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted, a court "accept[s] as true all well-pleaded factual allegations … and view[s] these allegations in the light most favorable to the plaintiff."[12] A complaint "cannot rely on labels or conclusory allegations—a 'formulaic recitation of the elements of a cause of action will not do.'"[13] "Rather, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"[14]

---

[8] *Id*. at ¶ 125.
[9] *Id*. at ¶ 48.
[10] *Id*. at ¶ 41.
[11] *Id*. at ¶ 43.
[12] *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).
[13] *Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[14] *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

## II. PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED IN ALL CAUSES OF ACTION ASSERTED AGAINST MACHLIS AND GREEN IVY REALTY

### A. Violations of Section 10(b) of the Securities Exchange Act and Rule 10b-5

Plaintiffs' claims for securities fraud in violation of Section 10(b) of the Securities Exchange Act and Rule 10b-5 asserted against Machlis and Green Ivy Realty fail because Plaintiffs have failed to meet the heightened pleading standard required under Fed. R. Civ. P. 9(c) and the Private Securities Litigation Reform Act (the "**PSLRA**").

This Court has previously articulated the heightened pleading standard required of plaintiffs claiming securities fraud in violation of Section 10(b):

> When alleging fraud, a plaintiff must "state with particularity the circumstances constituting fraud or mistake." This requires a plaintiff to "set forth the who, what, when, where and how of the alleged fraud" and describe "the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof."
>
> A plaintiff claiming a violation of Section 10(b) must further allege the defendant acted with scienter, which the Tenth Circuit defines as "intent to defraud or recklessness." Recklessness is "conduct that is an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it."
>
> A plaintiff alleging securities fraud must also meet the rigorous pleading requirements of the [PSLRA]. The complaint must "specify each statement alleged to have been misleading" as well as "the reason or reasons why the statement is misleading." The plaintiff must also meet a "more stringent rule for pleading scienter" by stating "with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." An inference of scienter is "strong" under the PSLRA if it is "more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent."[15]

---

[15] *TDC Lending LLC v. Private Capital Group, Inc.*, 340 F. Supp. 3d 1218, 1224 (D. Utah Sept.13, 2018) (internal citations omitted).

A claim for securities fraud under Section 10(b) has five elements:

> (1) the defendant made an untrue or misleading statement of material fact, or failed to state a material fact necessary to make statements not misleading; (2) the statement complained of was made in connection with the purchase or sale of securities; (3) the defendant acted with scienter, that is, with intent to defraud or recklessness; (4) the plaintiff relied on the misleading statements; and (5) the plaintiff suffered damages as a result of his reliance.[16]

In the SAC, Plaintiffs have failed to allege that: (a) Machlis and Green Ivy Realty made any specific untrue or misleading statement of material fact; or (b) Machlis and Green Ivy Realty acted with the requisite scienter.

### 1. *Plaintiffs Fail to Identify Any Untrue or Misleading Statements Made by Machlis or Green Ivy Realty*

The SAC fails to sufficiently identify ***any*** untrue or misleading statement that was allegedly made or omitted specifically by Machlis or Green Ivy Realty. Under Fed. R. Civ. P. 9(b), the SAC must "'set forth the who, what, when, where, and how of the alleged fraud' and describe 'the time, place, and contents of the false representation, ***the identity of the party making the false statements*** and the consequences thereof."[17]

Here, the SAC references generally some examples of allegedly fraudulent misrepresentations and omissions but fails to attribute the vast majority of the misrepresentations and omissions to Machlis and fails to attribute any statement specifically to Green Ivy Realty. For the statements that are attributed to Machlis, Plaintiffs fail to adequately set forth the time, place, and contents of the purportedly false representations. Instead, Plaintiffs rely upon group

---

[16] *Id*. at 1225 (quoting *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1095 (10th Cir. 2003)).
[17] *Id*. at 1224 (D. Utah Sept. 13, 2018) (quoting *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726–27 (10th Cir. 2006) (abrogated on other grounds)) (emphasis added).

pleading, which is improper and insufficient to meet the heightened pleading standards for securities fraud.

For example, in paragraph 85 of the SAC, Plaintiffs allege:

> Each named Defendant, including Long, Machlis and Smith represented to Plaintiffs that the triple net lease made the investment entirely "passive" with no need for the investor to have any management responsibility. The success of the investment was entirely dependent upon the actions of the tenant and Millcreek or Millcreek administration and management.[18]

This allegation does not identify what Machlis said, to whom, when, where the conversation took place, or make any reference to Machlis' knowledge of the statements' falsity at the time it was made. As another example, in paragraph 120 of the SAC, Plaintiffs allege:

> Machlis represented to John Bosshard, and other Plaintiffs in 2021 and 2022, that he had done full due diligence on the Keller property and its putative tenants. He stated that the tenant was an operating entity, that the facility was fully completed and that rents were currently being paid by the tenant. These representations were false.[19]

This allegation does not adequately specify when the alleged conversation occurred, what "other Plaintiffs" were present, or why these allegations were false, or Machlis' knowledge as to the falsity of the representations.

Plaintiffs' reliance upon group pleading is especially concerning when Plaintiffs have failed to allege or explain how Machlis and Green Ivy Realty relate to the codefendants, beyond a vague allegation that Machlis is a "development partner" of Millrock Investment Fund 1, LLC or that he acted as a real estate agent for Colliers. There is no allegation or evidence sufficient to demonstrate, even at the pleading stage, that Machlis and Green Ivy Realty can be held

---

[18] *See* SAC, ECF No. 100 at ¶ 85.
[19] *See id.* at ¶ 120.

4936-7922-9754, v. 1

responsible for the actions of, or statements made by, any of the other codefendants. As such, Plaintiffs' claim for securities fraud against Machlis and Green Ivy Realty fails.

> 2. *Plaintiffs Have Failed to Allege That Machlis and Green Ivy Realty Acted With the Requisite Scienter*

Similarly, the SAC fails to allege that Machlis and Green Ivy Realty acted with the requisite scienter to sustain a claim for securities fraud. Instead, the SAC relies on "group pleading," which is insufficient to meet the heightened pleading standards of Fed. R. Civ. P. 9(b) and the PSLRA, particularly when it comes to scienter. Plaintiffs have failed to adequately identify or explain the purportedly fraudulent statements made specifically by Machlis or Green Ivy Realty, let alone the knowledge and intent of Machlis and Green Ivy Realty when they made the allegedly fraudulent statements. As such, Plaintiffs' claims for securities fraud fail and must be dismissed.

**B.     State Law Securities Fraud and State Law Securities Violation**

Plaintiffs' claims for state law securities fraud and for state law securities violation for the sale by an unlicensed broker or investment advisor against Machlis and Green Ivy Realty fail because TIC interests are expressly exempted from the definition of a "security" under the Utah Uniform Securities Act. In the 2005 General Session, the Utah Legislature passed Senate Bill 64, which specifically exempted TIC interests from the definition of "security" in the Utah Uniform Securities Act.[20] The current definition of "security" in the Act includes the following exclusion:

> "Security" does not include …
>
> (II) an undivided fractionalized long-term estate in real property that consists of 10 or fewer owners; or
>
> (III) an undivided fractionalized long-term estate in real property that consists of more than 10 owners if, when the real property estate

---

[20] https://le.utah.gov/~2005/bills/static/SB0064.html

> is subject to a management agreement: (Aa) the management agreement permits a simple majority of owners of the real property estate to not renew or to terminate the management agreement at the earlier of the end of the management agreement's current term, or 180 days after the day on which the owners give notice of termination to the manager; and (Bb) the management agreement prohibits, directly or indirectly, the lending of the proceeds earned from the real property estate or the use or pledge of its assets to a person or entity affiliated with or under common control of the manager.[21]

Here, the SAC alleges that Plaintiffs were fraudulently induced to purchase TIC interests in the Millcreek Properties, which were combined with a long-term lease and management agreement. These TIC interests are undivided, fractionalized long-term estate in real property. Based on the statutory exclusion from the definition of a "security," Plaintiffs TIC interests are not a security under Utah law and, therefore, cannot support a claim for state law securities fraud or a violation of the Utah Uniform Securities Act.

### C. Common Law Fraud

Plaintiffs' claim for common law fraud against Machlis and Green Ivy Realty is subject to the heightened pleading standard of Fed. R. Civ. P. 9(b). This Court has explained:

> When alleging fraud, a plaintiff must "state with particularity the circumstances constituting fraud or mistake." This requires a plaintiff to "set forth the who, what, when, where and how of the alleged fraud" and describe "the time, place, and contents of the false representation, the identity of the party making the false statements, and the consequences thereof."[22]

As previously explained in Section II(A), *supra*, in the SAC, Plaintiffs engaged in group pleading and failed to adequately identify and explain the fraudulent statements purportedly made by Machlis or Green Ivy Realty. Additionally, Plaintiffs failed to identify when and where

---

[21] Utah Code Ann. § 61-1-13(1)(ee)(ii).
[22] *TDC Lending LLC*, 340 F. Supp. 3d at 1224 (quoting Fed. R. Civ. P. 9(b) (internal citations omitted).

9

and to whom Machlis or Green Ivy Realty purportedly made any fraudulent statements and failed to state with particularity the circumstances constituting fraud, including Machlis and Green Ivy Realty's relevant state of mind. As such, Plaintiffs' claims for common law fraud fail.

### D. Negligent Misrepresentation

"[A] claim for negligent misrepresentation requires a party to demonstrate that (1) a party carelessly or negligently makes a false representation 'expecting the other party to rely and act thereon,' (2) the plaintiff actually relies on the statement, and (3) suffers a loss as a result of that reliance."[23] "Ordinarily, to prevail in an action for negligent misrepresentation, plaintiffs must identify a 'representor [who] makes an affirmative assertion which is false.'"[24] Because Plaintiffs' negligent misrepresentation claim is substantially similar to Plaintiffs' fraud claims and "sound in fraud", it is subject to the same heightened pleading standard.[25]

Identical to Plaintiffs' claims for securities fraud and common law fraud, the SAC fails to adequately identify, explain, or specific each allegedly fraudulent statement made by Machlis or Green Ivy Realty or explain what knowledge Machlis and Green Ivy Realty had relevant to the statement to adequately plead the appropriate scienter. Moreover, regarding any allegedly negligent omission, Plaintiffs have failed to allege that Machlis or Green Ivy Realty had a duty to disclose any alleged omission. The Plaintiffs' general and sweeping assertions of wrongdoing by the defendants as a group are insufficient to adequately plead a claim for negligent misrepresentation against Machlis and Green Ivy Realty and, therefore, must be dismissed.

---

[23] *Moore v. Smith*, 2007 UT App 101, ¶ 36 n. 12, 158 P.3d 562 (quoting *Smith v. Frandsen*, 2004 UT 55, ¶ 9, 94 P.3d 919).
[24] *Smith v. Frandsen*, 2004 UT 55, ¶ 10, 94 P.3d 919.
[25] *See Campbell Investments, LLC v. Dickey's Barbecue Restaurants, Inc.*, 2020 WL 927533, at *4 (D. Utah 2020).

### E. Breach of Fiduciary Duty

Plaintiffs' claim for breach of fiduciary duty against Machlis and Green Ivy Realty fails because Plaintiffs have failed to plead facts sufficient to demonstrate that either Machlis or Green Ivy Realty owed a fiduciary duty to Plaintiffs. Instead, Plaintiffs allege: (a) "Defendants had or held themselves out as having superior skill, knowledge, training, and experience concerning all aspects of the transactions by which Plaintiffs invested in the TIC shares of the Millcreek Properties[,]" (b) "Defendants expected that Plaintiffs would put trust and confidence in Defendants and affirmatively invited and encouraged Plaintiffs to rely on their judgment and skill regarding their TIC investments in the Millcreek Properties[,]"; (c) "The TIC investment structure and IRS rules made Plaintiffs the weaker party, with unique vulnerabilities, including, inter alia, Plaintiffs' ages, experience, abilities, and disabilities[,]" and (d) The Plaintiffs' unique vulnerabilities put them in an unequal bargaining position with Defendants."[26] Based on these facts, Plaintiffs conclude that "Defendants owed Plaintiffs fiduciary duties of honesty, loyalty, care, and a duty to use their special skills for Plaintiffs' benefit."[27] However, even assuming *arguendo* the fact that Plaintiffs may have been the "weaker" party with less substantive experience in a real estate transaction, this alone does not create a fiduciary relationship and Plaintiffs allege no other basis.duty.

Moreover, Plaintiffs allege that Machlis acted as a real estate agent for Colliers – the seller. Under Utah law, the seller's agent does not owe any fiduciary duties to the purchaser.[28] Thus, Plaintiffs' claim for breach of fiduciary duty against Machlis and Green Ivy Realty fails.

---

[26] *See* SAC, ECF No. 100, at ¶¶ 207–10.
[27] *See id.* at ¶ 211.
[28] *See, e.g.*, *Diversified Holdings, L.C. v. Turner*, 2002 UT 129, ¶ 23, 63 P.3d 686 (holding that a real estate agent does not owe a fiduciary duty between a buyer and seller of a property).

### F. Unjust Enrichment

Plaintiffs' claim for unjust enrichment against Machlis and Green Ivy Realty fails because the SAC fails to allege that they conferred a benefit specifically on Machlis and Green Ivy Realty, or that the commissions allegedly received by Machlis for his services were unearned.

Under Utah law, "[t]o state a claim for unjust enrichment, a plaintiff must allege facts supporting three elements: '(1) a benefit conferred on one person by another; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value."[29]

In the SAC, Plaintiffs allege that "Plaintiffs conferred a benefit on the Defendants by making investments in the Millcreek Properties, including having Mary Street serve as the property manager[,]"[30] and the "Defendants each received a benefit from Plaintiffs in the form of commissions or other compensation paid from the proceeds of the sale transaction; access to and direct use of the identifiable proceeds of the investment; and perpetuation of the overall scheme."[31] However, these allegations alone fail to demonstrate that Machlis and Green Ivy Realty received any benefit, whether directly or indirectly, from Plaintiffs. There is no allegation that any of the other nine codefendants paid Machlis or Green Ivy Realty, whether by a commission or otherwise, from the funds received from the proceeds of the Millcreek Properties transactions.

---

[29] *Hess v. Johnson*, 2007 UT App 213, ¶ 20, 163 P.3d 747 (quoting *Jeffs v. Stubbs*, 970 P.2d 1234, 1248 (Utah 1998)).
[30] *See* SAC, ECF No. 100, at ¶ 221.
[31] *See id*. at ¶ 333.

Additionally, Plaintiffs allege that Machlis received referral or kickback fees of up to 6% in return for referring potential buyers to Millcreek.[32] However, to plead a claim for unjust enrichment, Plaintiffs must allege facts sufficient to demonstrate that it would be inequitable for Machlis to retain this benefit. Here, Plaintiffs allege that Machlis received a referral fee from the other defendants—not Plaintiffs—in exchange for referrals that Machlis provided. Under these circumstances, it would not be inequitable for Machlis to retain this benefit for the services he rendered to the other defendants.

Therefore, Plaintiffs' claim for unjust enrichment against Machlis and Green Ivy Realty fail and should be dismissed.

## CONCLUSION

Based on the foregoing, the claims asserted against Machlis and Green Ivy Realty should be dismissed for failure to state a claim upon which relief can be granted.

DATED: April 23, 2025.

CLYDE SNOW & SESSIONS

/s/ Matthew A. Steward
Matthew A. Steward
Keith M. Woodwell
Katherine E. Pepin

*Attorneys for Defendants Mark Machlis and Green Ivy Realty, Inc.*

---

[32] *See* SAC, ECF No. 100, at ¶ 68.