Terry E. Welch (5819)
Bentley J. Tolk (6665)
Rodger M. Burge (8582)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
twelch@parrbrown.com
btolk@parrbrown.com
rburge@parrbrown.com

Attorneys for Defendant Kevin G. Long

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROGER WILSON, an individual; RAYMOND BOMBEN, an individual; OWENA BOMBEN, an individual; JONH BOSSHARD, an individual; SOPHANARITH CHEA, an individual; SHERMAN FREEZE, an individual; SANDRA FREEZE, an individual; CASSANDRA FREEZE, an individual; LUCY A. GROETSCH, an individual; ROBERT MICHAEL SAYERS, an individual; WILFRED SINDON, an individual; and CRAIG MARSDEN, an individual,<br><br>        Plaintiffs,<br><br>vs.<br><br>MILLCREEK COMMERCIAL PROPERTIES, LLC, a Utah limited liability company; MILLROCK INVESTMENT FUND 1, LLC, a Utah limited liability company; COLLIERS INTERNATIONAL, a business operating in Utah under a dba; | **DEFENDANT KEVIN G. LONG'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br><br><br>Case No. 2:24-cv-00624-TC-CMR<br><br>Judge Tena Campbell<br><br>Magistrate Judge Cecilia M. Romero |

| | |
|---|---|
| EQUITY SUMMIT GROUP P.C., a Utah corporation; BRENT SMITH, an individual; KEVIN G. LONG, an individual; ANDREW BELL, an individual; SCOTT RUTHERFORD, an individual; MARK MACHLIS, an individual; GREEN IVY REALTY, INC., a Utah corporation; and DOES 1-10, individuals or entities,<br><br>            Defendants. | |

Defendant Kevin G. Long ("Long"), through his counsel of record, hereby answers the Second Amended Complaint (the "Complaint") filed by Plaintiffs in the above-captioned case and, without prejudice to his right to file an amended answer and/or counterclaims after additional discovery or investigation, admits, denies and/or avers as follows:

## FIRST DEFENSE

Long responds as follows to the allegations contained in the numbered paragraphs of the Complaint:

1.      Denies.

2.      Denies.

3.      Denies.

4.      Denies each and every allegation on the ground that Long lacks knowledge or information sufficient to form a belief about the truth of these allegations (hereinafter, "**Denies for lack of information**").

5.      Denies for lack of information.

6.      Denies for lack of information.

7.      Denies for lack of information.

8. Denies.

9. Denies for lack of information.

10. Denies for lack of information.

11. Denies for lack of information.

12. Denies for lack of information.

13. Denies for lack of information.

14. Denies for lack of information.

15. Denies for lack of information.

16. Denies for lack of information.

17. Denies for lack of information.

18. Denies for lack of information.

19. Denies, except admits Plaintiffs so allege.

20. Admits Millcreek Commercial Properties, LLC ("Millcreek") was a Utah limited liability company that has been voluntarily dissolved; denies each and every remaining allegation.

21. Admits.

22. Denies.

23. Denies any fraud by Long and denies each and every remaining allegation for lack of information.

24. Denies for lack of information.

25. Denies for lack of information.

26. Admits Long resides in Utah; denies each and every remaining allegation.

27.      Admits Long participated in the formation of Millcreek; denies each and every remaining allegation.

28.      The paragraph purports to state a legal conclusion regarding agency and "employee" status, to which no response is required; **t**o the extent a response is required, denies each and every allegation, except admits Long has an ownership interest in, **and participated in the formation of,** Millrock Investment Fund 1, LLC ("Millrock").

29.      Admits.

30.      Admits Long was part of the Millcreek team under the Colliers umbrella; denies each and every remaining allegation.

31.      Admits Long participated in the formation of Millcreek and Millrock; denies each and every remaining allegation.

32.      Denies.

33.      Denies for lack of information.

34.      Admits.

35.      Denies for lack of information.

36.      The paragraph purports to state a legal conclusion regarding agency and "employee" status, to which no response is required; to the extent a response is required, denies each and every allegation for lack of information.

37.      The paragraph purports to state a legal conclusion regarding agency and "employee" status, to which no response is required; to the extent a response is required, denies each and every allegation for lack of information.

38.      Denies for lack of information.

39.    The paragraph purports to state a legal conclusion regarding agency and "employee" status, to which no response is required; to the extent a response is required, denies each and every allegation for lack of information.

40.    Denies for lack of information.

41.    Denies for lack of information.

42.    Denies for lack of information.

43.    Denies for lack of information.

44.    The paragraph purports to state a legal conclusion regarding agency, to which no response is required; to the extent a response is required, denies each and every allegation for lack of information.

45.    Denies for lack of information.

46.    Denies for lack of information.

47.    Denies for lack of information.

48.    Denies, except admits Plaintiffs so allege.

49.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies each and every allegation for lack of information.

50.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies each and every allegation for lack of information.

51.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies each and every allegation for lack of information.

52.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies each and every allegation for lack of information.

53.    Admits Millcreek previously marketed tenant-in-common ("TIC") interests in commercial real estate, including at times to buyers seeking IRS 1031 exchange treatment; denies each and every remaining allegation.

54.    Admits Long participated in the formation of Millcreek, and that Millcreek was a sales team operating under the Colliers umbrella in marketing and selling TIC interests; denies each and every remaining allegation for lack of information.

55.    Denies for lack of information.

56.    Admits Millrock has, at times, purchased commercial properties and entered into long-term lease agreements on said properties; denies each and every remaining allegation for lack of information.

57.    Denies.

58.    Denies for lack of information.

59.    Admits.

60.    Denies for lack of information.

61.    Denies for lack of information.

62.    Denies for lack of information.

63. Denies for lack of information.

64. Denies for lack of information.

65. Denies.

66. Denies for lack of information.

67. Denies for lack of information.

68. Denies for lack of information.

69. Admits Long was for a period of time a Senior Vice President of the Utah division of Colliers and that the alleged electronic image of an email speaks for itself; denies each and every remaining allegation.

70. Admits was for a period of time Principal Broker and COO of CBC Advisors; denies each and every remaining allegation.

71. Admits Long participated in the formation of Millcreek and Millrock; denies each and every remaining allegation.

72. Admits Long was President of Millcreek Commercial and that the alleged excerpt from a LinkedIn page speaks for itself; denies each and every remaining allegation.

73. Denies each and every allegation, except admits the alleged excerpt from the Millcreek/Colliers website speaks for itself.

74. Denies for lack of information.

75. Admits Millcreek has marketed TIC interests in commercial properties; denies each and every remaining allegation for lack of information.

76. Admits.

77.    Admits TIC interests marketed by Millcreek were not registered as securities; denies each and every remaining allegation where the paragraph purports to state a legal conclusion to which no response is required, and where required, denies for lack of information.

78.    Denies for lack of information.

79.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies each and every allegation for lack of information.

80.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies each and every allegation for lack of information.

81.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies each and every allegation for lack of information.

82.    Denies for lack of information.

83.    Denies for lack of information.

84.    Admits that some properties marketed by Millcreek had tenants under triple net leases; denies each and every remaining allegation for lack of information.

85.    Denies for lack of information.

86.    Denies for lack of information.

87.    Denies for lack of information.

88.    Denies for lack of information.

89.    Denies for lack of information.

90. The content purportedly cited and contained in Millcreek's website speaks for itself; denies each and every remaining allegation for lack of information.

91. The content purportedly cited and contained in Millcreek's website speaks for itself; denies each and every remaining allegation for lack of information.

92. The content purportedly cited and contained in Millcreek's website speaks for itself; denies each and every remaining allegation for lack of information.

93. Denies for lack of information.

94. The contents of the article purportedly cited speak for themselves; denies each and every remaining allegation for lack of information.

95. Denies for lack of information.

96. Denies for lack of information.

97. Denies for lack of information.

98. The purported contents of the marketing materials speak for themselves; denies each and every remaining allegation.

99. The purported contents of the Millcreek website speak for themselves; denies each and every remaining allegation.

100. The purported contents of the Millcreek website speak for themselves; denies each and every remaining allegation.

101. The purported contents of the Millcreek website speak for themselves; denies each and every remaining allegation.

102. Denies for lack of information.

103. Denies for lack of information.

104. The purported contents of the Millcreek website speak for themselves; denies each and every remaining allegation.

105. Denies for lack of information.

106. Denies for lack of information.

107. Denies for lack of information.

108. The purported contents of the "Offering Memorandum" speak for themselves; denies each and every remaining allegation.

109. The purported contents of the "Offering Memorandum" speak for themselves; denies each and every remaining allegation.

110. The purported contents of the "Offering Memorandum" speak for themselves; denies each and every remaining allegation.

111. Denies for lack of information.

112. Denies for lack of information.

113. Denies for lack of information.

114. Denies.

115. Denies for lack of information.

116. Denies for lack of information.

117. Denies.

118. Denies for lack of information.

119. Denies for lack of information.

120. Denies for lack of information.

121. Denies for lack of information.

122. Denies for lack of information.

123. Denies for lack of information.

124. Denies for lack of information.

125. Denies for lack of information.

126. Denies for lack of information.

127. Denies for lack of information.

128. Denies for lack of information.

129. Denies.

130. Denies.

131. Denies.

132. The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies each and every allegation for lack of information.

133. Denies for lack of information.

134. Denies for lack of information.

135. Denies for lack of information.

136. Denies for lack of information.

137. Denies for lack of information.

138. Denies for lack of information.

139. Denies for lack of information.

140. Denies for lack of information.

141. Denies for lack of information.

142.    Denies for lack of information.

143.    Denies for lack of information.

144.    Denies for lack of information.

145.    Denies for lack of information.

146.    Denies for lack of information.

**FIRST CAUSE OF ACTION**
**(Violations of Section 10(b) of the Securities Exchange Act and Rule 10b-5 Against All Defendants)**

147.    Answering paragraph 147 of the Complaint, Long states that this paragraph is an incorporation by reference of the preceding portions of the Complaint. To the extent a specific reply is required to this paragraph, Long incorporates by reference his responses to the specific paragraphs incorporated thereby.

148.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies.

149.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies.

150.    Denies.

151.    Denies for lack of information.

152.    Denies for lack of information.

153.    Denies for lack of information.

154.    Denies.

155.    Denies for lack of information.

156.    Denies for lack of information.

**SECOND CAUSE OF ACTION**
**(Control Person Liability Under the Securities Exchange Act Against Long, Smith, Bell, and Rutherford)**

157.   Answering paragraph 157 of the Complaint, Long states that this paragraph is an incorporation by reference of the preceding portions of the Complaint. To the extent a specific reply is required to this paragraph, Long incorporates by reference his responses to the specific paragraphs incorporated thereby.

158.   The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies.

159.   The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies for lack of information.

160.   Denies for lack of information.

161.   Denies.

162.   The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies.

**THIRD CAUSE OF ACTION**
**(State Law Securities Fraud – Against All Defendants)**

163.   Answering paragraph 163 of the Complaint, Long states that this paragraph is an incorporation by reference of the preceding portions of the Complaint. To the extent a specific reply is required to this paragraph, Long incorporates by reference his responses to the specific paragraphs incorporated thereby.

164.   The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies.

165.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies.

166.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies.

167.    Denies for lack of information.

168.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies.

169.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies.

## FOURTH CAUSE OF ACTION
### (State Law Securities Violation/Sale by Unlicensed Broker or Investment Adviser – Against All Defendants)

170.    Answering paragraph 170 of the Complaint, Long states that this paragraph is an incorporation by reference of the preceding portions of the Complaint. To the extent a specific reply is required to this paragraph, Long incorporates by reference his responses to the specific paragraphs incorporated thereby.

171.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies.

172.    Denies for lack of information.

173.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies.

174.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies.

175.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies.

## FIFTH CAUSE OF ACTION
### (Materially Aiding State-Law Securities Fraud – Against Long, Smith, Bell, and Rutherford)

176.    Answering paragraph 176 of the Complaint, Long states that this paragraph is an incorporation by reference of the preceding portions of the Complaint. To the extent a specific reply is required to this paragraph, Long incorporates by reference his responses to the specific paragraphs incorporated thereby.

177.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies.

178.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies.

179.    Denies for lack of information.

180.    Denies for lack of information.

181.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies.

182.    Denies.

183.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies.

184.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies.

## SIXTH CAUSE OF ACTION
### (Common Law Fraud – Against All Defendants)

185.    Answering paragraph 185 of the Complaint, Long states that this paragraph is an incorporation by reference of the preceding portions of the Complaint. To the extent a specific reply is required to this paragraph, Long incorporates by reference his responses to the specific paragraphs incorporated thereby.

186.    Denies for lack of information.

187.    Denies.

188.    Denies for lack of information.

189.    Denies.

190.    Denies for lack of information.

191.    Denies for lack of information.

192.    Denies for lack of information.

193.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies.

## SEVENTH CAUSE OF ACTION
### (Negligent Misrepresentation – Against All Defendants)

194.    Answering paragraph 194 of the Complaint, Long states that this paragraph is an incorporation by reference of the preceding portions of the Complaint. To the extent a specific reply is required to this paragraph, Long incorporates by reference his responses to the specific paragraphs incorporated thereby.

195.   The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies.

196.   Denies for lack of information.

197.   The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies.

198.   Denies for lack of information.

199.   Denies.

200.   Denies for lack of information.

201.   Denies.

202.   Denies for lack of information.

203.   Denies for lack of information.

204.   Denies for lack of information.

205.   Denies.

**EIGHTH CAUSE OF ACTION**
**(Breach of Fiduciary Duty – Against All Defendants)**

206.   Answering paragraph 206 of the Complaint, Long states that this paragraph is an incorporation by reference of the preceding portions of the Complaint. To the extent a specific reply is required to this paragraph, Long incorporates by reference his responses to the specific paragraphs incorporated thereby.

207.   Denies for lack of information.

208.   Denies.

209.   Denies for lack of information.

210.   Denies.

17

211. The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies.

212. Denies for lack of information.

213. Denies.

214. Denies.

215. Denies for lack of information.

216. The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies.

217. The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies.

218. Denies.

219. The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies.

## NINTH CAUSE OF ACTION
### (Unjust Enrichment of Defendants – Against All Defendants)

220. Answering paragraph 220 of the Complaint, Long states that this paragraph is an incorporation by reference of the preceding portions of the Complaint. To the extent a specific reply is required to this paragraph, Long incorporates by reference his responses to the specific paragraphs incorporated thereby.

221. Denies for lack of information.

222. Denies for lack of information.

223. Denies for lack of information.

224. Denies.

225.    Denies.

226.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, denies.

## DEMAND FOR RELIEF

To the extent a response is required to Plaintiffs' Demand for Relief, Long denies that Plaintiffs are entitled to the relief requested, and otherwise denies each and every allegation contained therein.

## SECOND DEFENSE

For purposes of Plaintiffs' claim purportedly arising under Section 20(a) of the Exchange Act, the claim is barred in whole or in part where Long acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violation and causes of action.

## THIRD DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs is subject to offset in the amount of any benefits, and the amount of any tax benefits, actually received by Plaintiffs.

## FOURTH DEFENSE

Plaintiffs are barred from claiming injury or damage, if any, because they failed to make reasonable efforts to mitigate such injury or damage, which would have prevented their injury or damages, if any.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, insofar as they were expressly advised in public filings and otherwise regarding the material facts and risks concerning their investments. Plaintiffs knew or should have known the financial condition of the relevant lessees and the risks

associated with triple-net leases and lessees under such leases failing. In failing to consider these risks, Plaintiffs assumed the risk that such person or entity might be damaged by purchasing or acquiring TIC interests. Plaintiffs therefore are estopped from recovering any relief.

## SIXTH DEFENSE

The purported damages, if any, allegedly sustained by Plaintiffs were, in whole or in part, proximately caused by or contributed to market conditions and/or the conduct of others, or both, rather than any conduct of Long.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the matters now claimed by the Complaint to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain and, as such, were available to Plaintiffs. Accordingly, Plaintiffs could not rely upon such alleged misstatements or omissions and were not damaged by the alleged misrepresentations or omissions.

## EIGHTH DEFENSE

Plaintiffs were negligent and did not exercise due care to discover the existence of some or all of the facts alleged in the Complaint upon which she asserts liability against Long. Thus, the actual and proximate cause of the damage, if any, to Plaintiffs, in whole or in part, is their own actions, omissions, and/or contributory or comparative negligence and their failure to exercise reasonable care, and/or the actions and/or omissions of third parties over which Long had no control.

### NINTH DEFENSE

If any false or misleading statement was made, or any material fact required to be stated or necessary to make any statement made not misleading was omitted (which Long denies), then the Plaintiffs were aware of that misstatement or omission and/or did not rely upon it.

### TENTH DEFENSE

With respect to Plaintiffs' claims under Section 10(b) of the Exchange Act, any recovery for damages allegedly incurred by Plaintiffs is limited to the percentage of responsibility of Long in proportion to the total fault of all persons, named as parties to this action or not, who caused or contributed to the alleged damages of Plaintiffs, pursuant to the Proportionate Liability provisions of Section 21D(f) of the Exchange Act, 15 U.S.C. § 78u-4(f).

### ELEVENTH DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs is barred, in whole or in part, by the damages limitations in Section 21D(e) of the Exchange Act, 15 U.S.C. § 78u-4(e).

### TWELFTH DEFENSE

Plaintiffs did not rely upon any of the statements and/or omissions alleged to have been false or misleading, and would have acquired the TIC interests even if, at the time they acquired the interests, they knew of the allegedly untrue statements of material fact, omissions of material fact, or misleading statements or other wrongful conduct upon which Long's liability purportedly rests.

## THIRTEENTH DEFENSE

The claims of Plaintiffs are barred in whole or in part by the doctrines of accord and satisfaction, waiver, estoppel, release, laches, ratification, wrongful conduct, bad faith, failure to do equity and/or unclean hands.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Long acted in good faith and in conformity with all applicable statutes and all applicable rules.

## FIFTEENTH DEFENSE

The claims alleged in the Complaint are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, Utah Code §§ 61-1-22(7)(a), 78B-2-305(3), 78B-2-307(1) and (3), and 78B-2-309(1)(b); and 28 U.S.C. § 1658.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged securities and the transactions at issue, insofar as they are deemed securities, are exempt from any state or federal registration requirements.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged securities are not "securities," as defined under federal or state law.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Utah Code §§ 78B-5-817 through -823.

**NINETEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, for failure to comply with the pleading and substantive requirements of the Private Securities Litigation Reform Act of 1995.

**TWENTIETH DEFENSE**

Long denies generally and specifically each and every allegation contained in the Complaint which Long does not specifically herein admit. Long denies that Plaintiff is entitled to any of the relief prayed for in the Complaint.

**TWENTY-FIRST DEFENSE**

The Complaint, and each cause of action stated therein, fails to state a claim upon which relief can be granted.

**TWENTY-SECOND DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Long complied with all relevant statutes, rules and regulations.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, under the economic loss doctrine.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claim for punitive damages is barred because it fails to meet the legal or factual standard for punitive damages against Long.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims sounding in fraud are barred, in whole or in part, by their failure to plead such claims with the requisite particularity.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Long was not a party to the agreements entered into by Plaintiffs, and thus is not subject to liability for Plaintiffs' claims arising from, or relating to, those agreements.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the terms of the agreements they entered into, relating to the transactions at issue in this lawsuit.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by a failure or lack of consideration.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, on the basis that Long owed no duty to Plaintiffs, and Long had no fiduciary relationship with Plaintiffs.

## THIRTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Long lacked the necessary knowledge, intent, willfulness, or scienter for any of them to be liable to Plaintiffs.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to join one or more necessary and indispensable parties.

## THIRTY-SECOND DEFENSE

Long reserves the right to assert additional defenses to Plaintiffs' claims as this case proceeds.

RESPECTFULLY SUBMITTED this 23rd day of April, 2025.

PARR BROWN GEE & LOVELESS

By: /s/ Rodger M. Burge
    Terry E. Welch
    Bentley J. Tolk
    Rodger M. Burge
    Attorneys for Defendant Kevin G. Long

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of April, 2025, a true and correct copy of the foregoing **DEFENDANT KEVIN G. LONG'S ANSWER TO SECOND AMENDED COMPLAINT** was served via the Court's ECF electronic filing system on all parties making an appearance in this matter:

/s/ Rodger M. Burge