Brian N. Platt (#17099)
bplatt@wnlaw.com
Chad E. Nydegger (#9964)
cnydegger@wnlaw.com
Ryan C. Morris (#19019)
rmorris@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Anthony J. Durone (*pro hac vice*)
adurone@berkowitzoliver.com
Timothy D. Wallner (*pro hac vice*)
twallner@berkowitzoliver.com
BERKOWITZ OLIVER LLP
2600 Grand Blvd., Ste. 1200
Kansas City, MO 64108
Telephone: (816) 561-7007

*Attorneys for Defendants Brent Smith
and Millrock Investment Fund 1, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ROGER WILSON, an individual; RAYMOND BOMBEN, an individual; OWENA BOMBEN, an individual; JOSH BOSSHARD, an individual; SOPHANA CHEA, an individual; SHERMAN FREEZE, an individual; SANDRA FREEZE, an individual; CASSANDRA FREEZE, an individual; LUCY A. GROETSCH, an individual; ROBERT MICHAEL SAYERS, an individual; WILFRED SINDON, an individual; and CRAIG MARSDEN, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> MILLCREEK COMMERCIAL PROPERTIES, LLC, a Utah limited liability company; MILLROCK INVESTMENT FUND 1, LLC, a Utah limited liability company; COLLIERS INTERNATIONAL, a business operating in Utah under a dba; EQUITY SUMMIT GROUP P.C., a Utah corporation; BRENT SMITH, an individual; KEVIN G. LONG, an individual; ANDREW BELL, an | **DEFENDANTS MILLROCK INVESTMENT FUND 1 LLC AND BRENT SMITH'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND SUPPORTING MEMORANDUM** <br><br> **(Hearing Requested)** <br><br> Case No. 2:24-cv-00624-TC-CMR <br> Judge Tena Campbell <br> Magistrate Judge Cecilia M. Romero |

1

|  |  |
|---|---|
| individual; SCOTT RUTHERFORD, an individual; MARK MACHLIS, an individual; GREEN IVY REALTY, INC., a Utah corporation; and DOES 1-10, individuals or entities,<br><br>                    Defendants. |  |

## RELIEF SOUGHT AND GROUNDS FOR THE RELIEF

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and DUCivR7-1, Defendants Millrock Investment Fund 1 ("Millrock") and Brent Smith ("Smith") (collectively, Millrock and Smith are sometimes referred to as "Defendants") (hereby moves the Court to dismiss with prejudice the Second Amended Complaint [Dkt. 100] (the "SAC") as to Defendants filed by Plaintiffs. The grounds for the requested relief on the federal causes of action are that: (i) with respect to the First Cause of Action for violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder, Plaintiffs fail to satisfy the heightened pleading requirements under both Civil Rule of Procedure Rule 9(b) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the requirement to plead with particularity facts demonstrating Defendants acted with the requisite state of mind, or "scienter"; (and ii) the Second Cause of Action for "control person liability" against Smith fails as a matter of law because the alleged primary violations fail for the reasons previously stated in subparagraph (i).

The grounds for the requested relief on the state securities law causes of action (the Third through Fifth Causes of Action) is that these claims do not involve a security as a matter of Utah law.

The grounds for the requested relief as to the remaining state law causes of action (the Sixth through Ninth Causes of Action) are that: (i) Plaintiffs fail to satisfy the heightened pleading

requirements under Rule 9(b) for pleading a fraud or negligent misrepresentation claim; (ii) the breach of fiduciary duty claim fails as a matter of law because, under Utah law, Defendants did not owe any fiduciary duties to Plaintiffs, purchasers of the interests; and (iii) the unjust enrichment claim fails because Plaintiffs have not demonstrated they conferred any benefit on Defendants.

## **INTRODUCTION**

This case involves twelve (12) separate Plaintiffs, against ten (10) separate Defendants, arising from numerous transactions in which Plaintiffs acquired tenant-in-common interests ("TIC interests") in eight (8) separate commercial real properties where the tenants on those properties ultimately defaulted in their rent obligations. Consequently, where the Plaintiffs' claims largely sound in fraud, and thus are governed by heightened pleading requirements, it is imperative that Plaintiffs plead their claims with particularity to allow Millrock, Smith (and other Defendants) to understand and have notice of what exactly is complained against them (and each Defendant), so Defendants can respond to the Complaint intelligently rather than being forced to give general "denials."

Plaintiffs' SAC, however, largely constitutes a "group pleading" that impermissibly groups Millrock, Smith, and the other Defendants together, without distinguishing the basis for Millrock or Smith's individual alleged culpability or liability.[1] Moreover, to the extent any allegations are asserted specifically against Smith (and others), they fail to explain how the alleged

---

[1] Indeed, aside from the paragraph 34 identifying Brent Smith as an individual residing in Utah, the SAC contains no allegations specific to Smith alone. Instead, each allegation as to Smith impermissibly lumps him together with some or all of the other named defendants. Similarly, other than paragraph 21 identifying Millrock as a Utah limited liability company, the sole allegations specific to Millrock do not support Plaintiff's causes of action here. Instead, Plaintiff's merely allege that Millrock "provided capital for the purchase of properties" (¶22), "received fraudulently obtained funds" (¶28), "contracted with developers to make renovations, improvements, and perform construction on the Millcreek properties," (¶60). The remaining allegations as to Millrock confusingly, and impermissibly, lump Millrock together with some or all other defendants.

misrepresentations are false, or assert facts from which "scienter" can be inferred. The SAC's causes of action against Smith and Millrock also constitute threadbare recitals of the elements of each claim, supported by mere conclusory statements.

Thus, the facts set forth in support of those causes of action do not qualify as well-pleaded allegations. The transactions at issue in the SAC do not, as a matter of Utah state law, involve a "security," which is fatal to Plaintiffs' state law securities-based causes of action. Finally, the SAC is defective as to the remaining state law claims, and Plaintiffs' bare-bones SAC must be dismissed as to Smith and Millcreek.

## **ARGUMENT**

"Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted." *IHC Health Servs., Inc. v. Tyco Integrated Sec., LLC*, No. 2:17-CV-00747-DN, 2018 WL 3429932, at *1 (D. Utah July 16, 2018) (citing *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). In addition, to withstand a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A complaint that merely alleges a "possible" or "conceivable" claim is insufficient. *Iqbal*, 556 U.S. at 679–80 (quoting *Twombly*, 550 U.S. at 570); *see also Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018). A plaintiff must allege sufficient factual matter that shows he or she is entitled to relief. *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Although pleadings at the motion to dismiss stage are liberally construed, before accepting a plaintiff's allegations as true, "they must be <u>well-pleaded</u> allegations." *Warnick,* 895 F.3d at 751 (emphasis in original). "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not count as well-pleaded facts." *Id.* (internal quotations omitted) (quoting *Iqbal*, 556 U.S. at 678). Here, Plaintiffs fail to assert allegations giving rise to a cognizable claim against Smith or Millrock, and thus this Motion should be granted.

**I.   PLAINTIFFS FAIL TO STATE A PLAUSIBLE CLAIM FOR VIOLATION OF THE EXCHANGE ACT.**

   **A.   Pleading Standards under Rule 9(b) and the PSLRA.**

Under Federal Rule of Civil Procedure 9(b), when "alleging fraud or mistake, a party <u>must state with particularity</u> the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b) (2024) (emphasis added). Rule 9(b) applies to all claims that are "based on the same core allegations of deception, false misrepresentations, and fraudulent conduct." *Security Sys., Inc. v. Alder Holdings, LLC*, 421 F.Supp.3d 1186, 1194 (D. Utah 2019). "To satisfy Rule 9(b)'s heightened pleading standard, among other things, a pleading must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Combs v. SafeMoon LLC*, Case No. 2:22-cv-00642-DBB-JCB, 2024 WL 1347409, *4 (D. Utah March 29, 2024), *citing Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997).

In two key ways, Congress heightened the pleading standard above that provided for in Rule 9(b) for federal securities fraud claims with the passage of the PSLRA. First, the PSLRA increased the burden on the pleading of the first element of a securities fraud claim – that the defendant made an untrue or misleading statement of material fact, or failed to state a material fact necessary to make statements made not misleading. *See Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1095 (10th Cir. 2003). For this element, the PSLRA requires that: the Complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and

belief, the complaint shall state with particularity all facts on which that belief is formed. 15 U.S.C. § 78u-4(b)(1) (2024).

Second, regarding the pleading of the "scienter" or intent to defraud element, the PSLRA superseded this part of Rule (9)(b) by imposing a more stringent rule of pleading:

> In any private action arising under this chapter in which the plaintiff may recover money damages only on proof that the defendant acted with a particular state of mind, the complaint shall, <u>with respect to each act or omission alleged to violate this chapter</u>, state with particularity facts giving rise to a <u>strong inference</u> that the defendant acted with the required state of mind.

*See Adams,* 340 F.3d at 1096, *citing* 15 U.S.C. § 78u-4(b)(1) (2024) (emphasis added). Regarding the scienter element, the PSLRA requires scienter to be found with respect to <u>each</u> defendant and with respect to <u>each</u> alleged violation. *See TDC Lending LLC v. Priv. Cap. Grp.*, 340 F.Supp.3d 1218, 1227 (D. Utah 2018). Further, the required "strong inference" of scienter must be more than merely reasonable or permissible – "it must be cogent, thus strong in light of other explanations. A complaint will survive only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any plausible opposing inference one could draw from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 310, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007). To determine whether the plaintiff has alleged facts that give rise to the requisite "strong inference" of scienter, a court must consider plausible, nonculpable explanations for the defendant's conduct. *See id.* at 323-24.

**B.  Plaintiffs Fail to Satisfy the Pleading Standards under Rule 9(b) and the PSLRA.**

The First Cause of Action for violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, should be dismissed in its entirety with prejudice because Plaintiffs have failed to allege well-pled facts to establish any violation. To state a claim under Section 10(b)/Rule 10b-5, a plaintiff must plead: "(1) the defendant made an untrue or

misleading statement of material fact, or failed to state a material fact necessary to make statements not misleading; (2) the statement complained of was made in connection with the purchase or sale of securities; (3) the defendant acted with scienter, that is, with intent to defraud or recklessness; (4) the plaintiff relied on the misleading statements; and (5) the plaintiff suffered damages as a result of his reliance." *Smallen v. The W. Union Co.*, 950 F.3d 1297, 1304 (10th Cir. 2020). Here, Plaintiffs fail to adequately plead facts satisfying the heightened pleading standards described above, or that Smith acted with scienter.

For example, Plaintiff's SAC is replete with allegations directed to all or nearly all Defendants, without differentiation.[2] In paragraphs 117 through 146, Plaintiffs purport to allege a litany of misrepresentations and/or omissions against Defendants. However, nearly every allegation is directly to all or some grouping of Defendants, [3] a practice known as "group pleading." Those allegations do not set forth the time or place of such misrepresentations, and "group pleading" against "Defendants" is impermissible under Rule 9(b) and the PSLRA. *See TDC Lending LLC v. Priv. Cap. Grp.*, 340 F. Supp. 3d 1218, 1227 (D. Utah 2018) ("Group pleading, in contrast, allows a plaintiff to group defendants together without distinguishing the bases for each defendant's culpability. This is incompatible with the purpose of the PSLRA…."). Any claim of securities fraud for these alleged misrepresentations and/or omissions, therefore, must be dismissed.

---

[2] Plaintiffs often allege actions of "Millcreek/Colliers Parties." *See* SAC at ¶¶ 61, 62, 66, 78, 84, 86, 87, 95, 97, 98, 99, 102, 103, 104, 105, 114, 118, 119. However, The SAC defines "Millcreek/Colliers Parties" to mean "Millcreek, Millrock, Colliers, Long, Equity Summit, Smith, Machlis, Bell, Rutherford, and Green Ivy… or "Defendants." *See* SAC at ¶48. Simply grouping all or nearly all defendants into the defined term "Millcreek/Colliers Parties" does not satisfy the heightened pleading requirements of the PSLRA, or the Federal Rules.

[3] In some instances, such as paragraphs 134, 135 136, and 137 Plaintiffs identify by name one or two individual defendants, but also include "other Defendants," which substantively is no different than simply alleging "Defendants." This practice alone (i.e. naming one or two defendants but alleging the same misrepresentation against all Defendants) surely does not satisfy the well- settled law against "group pleading."

7

Additionally, Plaintiffs fail to sufficiently plead facts establishing Smith acted with scienter with respect to the alleged misrepresentations (or omissions) by him, which is an additional basis for dismissing the First Cause of Action. As stated above, Plaintiffs must "with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that [Smith] acted with the required state of mind." 15 U.S.C. § 78u- 4(b)(2)(A) (emphasis added). The "required" state of mind is an "intent to defraud" or "recklessness," which is defined as "conduct that is an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it." *City of Philadelphia v. Fleming Companies, Inc.*, 264 F.3d 1245, 1258 (10th Cir. 2001). Here, Plaintiffs fail to allege facts sufficient to prove "scienter" on Smith's part with respect to the allegations set forth in paragraphs 117-119, 130, 135, 139, and 141.

Moreover, in paragraph 139, Plaintiffs allege Smith ("and other Defendants") made "false" representations but fail to provide any facts demonstrating that Smith knew the alleged misrepresentation was false. Additionally, the statements referenced in that paragraph amount to statements of opinion, not facts. Statements of opinion predicting future success and based on historical and factual bases are not actionable under Rule 10b–5. *Marchese v. Nelson*, 809 F. Supp. 880, 888 (D. Utah 1993). Similarly, no explanation is given for "how" the alleged statement in paragraph 141 is false, or facts demonstrating Smith knew it was false.

In short, the SAC fails to sufficiently plead the existence of untrue statements or omissions by Smith or Millrock that could provide a basis for liability under Section 10(b) and Rule 10b-5, and the First Cause of Action must be dismissed.

## II. THE SECOND CAUSE OF ACTION FOR CONTROL PERSON LIABILITY FAILS AS A MATTER OF LAW.

In the Second Cause of Action, Plaintiffs purport to assert a claim for "control person liability" against Smith (and others). "[T]o state a prima facie case for control person liability, the plaintiff must establish (1) a primary violation of the securities laws and (2) 'control' over the primary violator by the alleged controlling person." *Combs v. SafeMoon LLC*, 2024 WL 1347409, at *23 (D. Utah Mar. 29, 2024). Here, because the First Cause of Action fails as a matter of law, the Second Cause of Action for "control person liability" necessarily fails as a matter of law due to the lack of a "primary violation" *See TDC Lending LLC v. Priv. Cap. Grp., Inc.*, 340 F. Supp. 3d 1218, 1231 (D. Utah 2018) ("TDC's control person liability theory first requires a showing that Private Capital committed a primary violation of the securities laws . . . because TDC has not alleged a primary violation of securities laws, it cannot show that the Individual Defendants are liable as controllers of a primary violator."); *Hampton v. root9B Techs., Inc.*, 897 F.3d 1291, 1303 (10th Cir. 2018) ("[B]ecause we conclude that Mr. Hampton's § 10(b) claims fail, his § 20(a) claims necessarily fail; a § 20(a) claim must be premised on a primary violation of the securities laws, but no such violation has been established here."). The Second Cause of Action should thus be dismissed.

Moreover, with respect to Smith, Plaintiffs "do not plausibly allege that he had control over the management or policies" at Millcreek. *See Combs v. SafeMoon LLC*, 2024 WL 1347409, at *23 (D. Utah). The allegations that Smith was a "close business associate" of other Defendants are far from sufficient. *See* SAC, ¶ 74. Likewise, Plaintiffs' generalized allegations that "Defendants" had control over Millcreek and Colliers fails to satisfy *Maher*. *See* Complaint, ¶ 159. In cases like this, when a "plaintiff does not plead any facts from which it can reasonably be inferred the defendant was a control person," then "dismissal is [the] appropriate" remedy. *Maher,* 144 F.3d at

1306; *see also Combs v. SafeMoon LLC*, 2024 WL 1347409, at *25 (D. Utah Mar. 29, 2024) (same). Accordingly, Plaintiffs' control person liability claim should be dismissed.

### III. PLAINTIFFS' STATE SECURITIES LAW CLAIMS SHOULD BE DISMISSED.

In the Third, Fourth and Fifth Causes of Action, Plaintiffs assert securities fraud and securities violations under Utah law. However, the alleged "securities" in this case – the TIC interests – are not securities under Utah law. Specifically, as explained by defendant Spencer Taylor in his Motion to Dismiss [Docket # 64, pgs. 9-10], the TIC interests here are not securities under Utah law. *See* UTAH CODE ANN. § 61-1-13(1)(ee)(ii). Notably, Plaintiffs' current SAC was not amended to address this issue. Plaintiffs allege they purchased the TIC interests in commercial real properties subject to a management agreement and long-term lease. These undivided, factionalized, long-term interests in real property are explicitly exempt from the definition of a "security" under Utah law. *See id.* Plaintiffs' Third Cause of Action alleging state securities fraud, Fourth Cause of Action alleging state securities laws violations, and Fifth Cause of Action for aiding and abetting state law securities fraud, should all be dismissed.

Plaintiffs' non-Complaint suggestion that they are alleging state securities law claims based on the laws of various non-Utah states (*See* Dkt 84 at p. 8.) does not cure the deficiencies of the operative SAC.[4] When counts are based on allegations of fraud in violation of state statutes, Rule 9(b) requires Plaintiffs to indicate the state statutes under which they seek relief. *Chrysler Cap. Corp. v. Century Power Corp.*, 778 F. Supp. 1260, 1270 (S.D.N.Y. 1991). Where, as here, the SAC fails to do so, dismissal is appropriate. *Id.* Notably, even if the operative SAC identified the state statutes upon which its state securities claims are premised, which it does not, that identification alone would not defeat a motion to dismiss. *Batson v. Rim San Antonio Acquisition, LCC*, No. 15-

---

[4] Notably, the SAC does not reference <u>any</u> specific state securities statute.

CV-07576 (ALC), 2016 WL 6901312, at *16 (S.D.N.Y. Nov. 22, 2016). For these reasons, the Second Amended Complaint should be dismissed.

## IV. PLAINTIFFS FAIL TO SUFFICIENTLY PLEAD A COMMON LAW FRAUD CLAIM.

Plaintiffs' Sixth Cause of Action for common law fraud must satisfy Rule 9(b)'s heightened pleading requirements, which requires Plaintiffs to "state with particularity the circumstances constituting fraud or mistake." *TDC Lending LLC*, 340 F.Supp.3d at 1224. As this Court has stated:

> When alleging fraud, a plaintiff must "state with particularity the circumstances constituting fraud or mistake." This requires a plaintiff to "set forth the who, what, when, where and how of the alleged fraud" and "describe the time, place, and contents of the false representation, the identity of the party making the false statements, and the consequences thereof."

*TDC Lending LLC*, 340 F.Supp.3d at 1224.

For the same reasons explained in Section I above regarding Plaintiffs' failure to sufficiently plead their securities fraud claim, the common law fraud claim likewise fails because of Plaintiffs' failure to meet this pleading requirement. Specifically, Plaintiffs failed to plead the "who, what, when, where and how" of Smith's alleged fraud. Instead, they impermissibly group plead that "Defendants" made various misrepresentations and omissions, which allegations are insufficient to satisfy the heightened pleading requirements of Rule 9(b). Likewise, even where Plaintiffs allege misrepresentations and/or omissions against Smith (and not impermissibly as part of their "shotgun" or "group pleading" allegations), the SAC does not allege particular facts showing a strong inference that Smith acted recklessly or with an intent to defraud with respect to said misrepresentation and/or omissions. The common law fraud claim must therefore be dismissed.

## V. THE NEGLIGENT MISREPRESENTATION CLAIM FAILS AS A MATTER OF LAW.

Plaintiffs' negligent misrepresentation claim (Seventh Cause of Action) is based on the same set of facts as their common law fraud claim. Under Utah law, "negligent misrepresentation constitutes a form of fraud," and thus "the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure applies to negligent misrepresentation claims." *Logan v. Bank of Am., N.A.*, 2012 WL 5874364, at *3 (D. Utah Nov. 20, 2012); *see also Eldredge v. Security National Mortg. Co.*, 2012 WL 681786, at *5 (D. Utah Jan. 25, 2012), *report and recommendation adopted sub nom. Eldredge v. Sec. Nat. Mortg. Co.*, No. 2:11-CV-539 DS- PMW, 2012 WL 676401 (D. Utah Feb. 29, 2012) (dismissing negligent misrepresentation claim that failed to meet "the heightened pleading requirements of Rule (b).")

Plaintiffs' negligent misrepresentation claim suffers from the same fatal flaw as the common law fraud claim. The SAC does not set forth factual allegations identifying the "who, what, where, when and how" of any alleged negligent misrepresentation or omission by Smith. Likewise, Plaintiffs' generalized allegations that all of the Defendants owed Plaintiffs a duty to disclose any alleged omissions is insufficient to adequately plead a claim for negligent misrepresentation. The claim must therefore be dismissed.

## VI. THE BREACH OF FIDUCIARY DUTY CLAIM FAILS AS A MATTER OF LAW.

Plaintiffs' Eighth Cause of Action for breach of fiduciary duty fails as a matter of law because Smith did not owe Plaintiffs any fiduciary duties. To state a claim for breach of fiduciary duty, Plaintiffs must allege facts showing "(1) a fiduciary relationship; (2) breach of the fiduciary's duty; (3) causation, both actual and proximate; and (4) damages." *First Am. Title Ins. Co. v. Nw. Title Ins. Agency, LLC*, 2016 WL 6902473, at *25 (D. Utah Nov. 23, 2016). Regarding the first element, under Utah law, a fiduciary relationship only exists under specific, narrow circumstances:

12

> A fiduciary relationship imparts a position of peculiar confidence placed by one individual in another. A fiduciary is a person with a duty to act primarily for the benefit of another. A fiduciary is in a position to have and exercise and does have and exercise influence over another. A fiduciary relationship implies a condition of superiority of one of the parties over the other. Generally, in a fiduciary relationship, the property, interest or authority of the other is placed in the charge of the fiduciary.

*Fid. & Deposit Co. of Maryland v. Goran, LLC*, No. 2:17-CV-TC-JCB, 2021 WL 2418624, at *2 (D. Utah June 14, 2021), *citing First Sec. Bank of Utah N.A. v. Banberry Dev. Corp.*, 786 P.2d 1326, 1333 (Utah 1990). No specific allegations showing there was a fiduciary relationship between Smith and the Plaintiffs are set forth in the SAC. Instead, Plaintiffs generally allege that "Defendants owed Plaintiffs fiduciary duties of utmost honesty, loyalty, and care, and a duty to use their special skills for Plaintiffs' benefit." SAC, ¶ 211. Indeed, Plaintiffs allege no contract existed between them and Smith that would give rise to a fiduciary relationship. It is undisputed that Smith was not an agent representing Plaintiffs in the transactions at issue, and Plaintiffs do not allege otherwise. Smith cannot be said to have been "acting primarily for the benefit" of Plaintiffs. Consequently, Smith owed no fiduciary duties to Plaintiffs as the purchasers of the TIC interests. Moreover, Plaintiffs knew they were purchasing valuable commercial property interests and were represented, or had the opportunity to be represented, by their own real estate agent. Consequently, Plaintiffs' breach of fiduciary duty claim against Smith (and Millrock) fails as a matter of law.

## VII. THE UNJUST ENRICHMENT CLAIM FAILS AS A MATTER OF LAW.

The Ninth Cause of Action for unjust enrichment fails as a matter of law because Plaintiffs fail to adequately allege they conferred a benefit on Smith or Millrock. "To support a claim for unjust enrichment, a plaintiff must allege facts supporting three elements: '(1) a benefit conferred on one person by another; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention of the benefit under circumstances as to make it inequitable for the

13

conferee to retain the benefit without payment of its value.'" *Hess v. Johnson*, 2007 UT App 213, ¶ 20, 163 P.3d 747 (quoting *Jeffs v. Stubbs*, 970 P.2d 1234, 1248 (Utah 1998)). Further, with respect to unjust enrichment claims against corporate representatives, the Utah Federal District Court has recognized that such claims fail when "the benefit, if any, was conferred on the corporation, and not the individual defendants." *Brumbelow v. L. Offs. Of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 622-23 (D. Utah 2005).

Here, the unjust enrichment claim is based on nothing more than generalized or "formulaic" allegations, including that "Plaintiffs" conferred a benefit on "Defendants" by purchasing the TIC interests in commercial properties marketed by Millcreek, "Defendants" received a benefit "in the form of commissions or other compensation," and "Defendants" benefited from "direct use" of the purchase price proceeds and "perpetuation of the overall scheme." SAC, ¶¶ 221-222. These conclusory or "threadbare recitals" fail to identify any benefit conferred on Smith, or on Millrock. Indeed, the allegations of the claim do not rise above "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiffs fail to allege any facts demonstrating that they conferred a benefit on Smith or Millrock and the unjust enrichment claim must be dismissed.

## **FURTHER AMENDMENT WOULD BE FUTILE**

The Second Amended Complaint is simply a rehashing of Plaintiffs' two prior deficient complaints, with an additional plaintiff added, the (necessary) removal of Plaintiffs' Cause of Action based on the alleged sale of unregistered securities, and a smattering of new or nominally expanded allegations. Plaintiffs, of course, had an obligation to ground their complaint on facts before filing it, Fed. R. Civ. P. 11, not months later in response to various motions to dismiss specifically related to Plaintiffs' insufficient, vague, and ambiguous assertions.

Indeed, as to Smith and Millrock, the operative SAC continues to fail to meet the pleading requirements of Federal Rules of Civil Procedure 8, 9(b), and the PSLRA, including because Plaintiffs continue to rely on "group pleading" allegations that impermissibly group Millrock, Smith, and the other Defendants together. Likewise, Plaintiffs continue to advance, without substantive change, multiple Causes of Action based on violation of State Securities laws (Third through Fifth Causes of Action), despite the properties at issue being excluded from the definition of a security under Utah law. *See* UTAH CODE ANN. § 61-1-13(1)(ee)(ii). Nor do Plaintiffs meaningfully amend their remaining causes of action to cure the deficiencies identified in Defendants' already filed Motions to Dismiss.

## CONCLUSION

For the reasons set forth above, the SAC should be dismissed as to Smith and Millrock.

## REQUEST FOR ORAL ARGUMENT

Pursuant to DUCivR7-1(g), Defendants respectfully request oral argument on this Motion. Good cause exists for oral argument because this Motion seeks dismissal of all causes of action as to Smith and Millrock.

DATED this 23rd day of April, 2025.

        WORKMAN NYDEGGER

        By: /s/ Brian N. Platt
        Brian N. Platt
        Chad E. Nydegger
        Ryan C. Morris

        BERKOWITZ OLIVER LLP

        Anthony J. Durone (*pro hac vice*)
        Timothy D. Wallner (*pro hac vice*)

        *Attorneys for Defendants Millrock Investment Fund 1, LLC, and Brent Smith*