Wesley D. Felix (#6539)
NELSON CHRISTENSEN
HOLLINGWORTH & WILLIAMS
68 South Main Street, Suite 600
Salt Lake City, UT 84101
T. (801) 531-8400
wes@nchwlaw.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROGER WILSON, an individual; RAYMOND BOMBEN, an individual; OWENA BOMBEN, an individual; JOHN BOSSHARD, an individual; SOPHANARITH CHEA, an individual; ROBERT MICHAEL SAYERS, an individual; SHERMAN FREEZE, an individual; SANDRA FREEZE, an individual; CASSANDRA FREEZE, an individual, LUCY A. GROETSCH, an individual; WILFRED SINDON, and CRAIG MARSDEN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>MILLCREEK COMMERCIAL PROPERTIES, LLC, a Utah limited liability company; MILLROCK INVESTMENT FUND 1, LLC, a Utah limited liability company; COLLIERS INTERNATIONAL, a business operating in Utah under a dba; EQUITY SUMMIT GROUP P.C., a Utah corporation; BRENT SMITH, an individual; KEVIN G. LONG, an individual; ANDREW BELL, an individual; SCOTT RUTHERFORD, an individual; MARK MACHLIS, an individual; GREEN IVY REALTY, INC., a Utah corporation; and DOES 1-10, individuals or entities, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS MILLROCK INVESTMENT FUND 1 LLC AND BRENT SMITH'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br><br><br>CASE No. 2:24-cv-00624-TC-CMR<br><br>Judge Tena Campbell<br>Magistrate Judge Cecilia M. Romero |

Plaintiffs Roger Wilson, Raymond Bomben, Owena Bomben, John Bosshard, Sophanarith Chea, Robert Michael Sayers, Sherman Freeze, Sandra Freeze, Cassandra Freeze, Lucy A. Groetsch, Wilfred Sindon and Craig Marsden (collectively "Plaintiffs"), through counsel and pursuant to Local Rule 7-1 DUCivR and Fed. R. Civ. P. 12(b), submit this memorandum in opposition to Defendants Millrock Investment Fund 1 LLC ("Millrock") and Brent Smith's ("Smith") Motion to Dismiss Second Amended Complaint [Dkt 109] ("MTD"). The Second Amended Complaint [Dkt. 100] shall be referred to as "SAC".

## I. INTRODUCTION

Millcreek Commercial Properties, LLC ("Millcreek") operated a fraudulent scheme buying commercial property cheaply, then reselling the same property at four or five times the purchase price to tenant-in-common investors, typically older retired individuals, as a passive and safe investment providing a steady reliable stream of income in retirement. Millcreek would market the property based upon the income to be received from long-term "dream tenants" who would pay from 6% to 9% on invested money for periods of at least 20 years. Defendants knew that the tenants were incapable of performing on the long-term leases. Brent Smith knew that most of the invested money was diverted to Millrock, to undisclosed pay-offs, kick-backs and finder fees or simply kept and spent by the principals of Millrock like Smith. Smith and Millrock supported the fraudulent scheme by using investor money to pay sham rents giving the appearance that the tenant was paying per the parties' agreements. Instead, the money would come directly from investor funds or from funds laundered through Millrock and then paid back to investors.

When Smith and Millrock ceased payment of the sham rents, the investment collapsed, and investors were left holding near worthless property without any prospect of finding a tenant who

1

could pay the outrageously inflated rents they had been promised. Smith and Millrock then kept the money they stole from plaintiffs and denied any further responsibility.

Smith and Millrock directly profited from the fraud as the bulk of investor funds went to Millrock. Millcreek, which has now defaulted, was essentially a pass-through entity. It now appears that Smith and Millrock plan to shift blame to Millcreek, the marketing entity currently without any assets or operations, and pretend that Smith and Millrock were merely another set of "investors" in the fraud. But this is a lie. Smith and Millrock were central to the fraudulent plan. Smith participated in the creation of marketing materials, disseminated or participated in disseminating marketing materials, and participated in marketing events pitching the fraud to potential investors. Smith and Millrock skimmed money from the purchases and helped divert funds to deceive investors into thinking that the tenant leases and rent payments were legitimate. Smith and Millrock knew that the tenants were tacitly or overtly participants in the fraud and that they lacked the economic and operational wherewithal to pay rents to investors. Indeed, Smith as a substantial owner in Millrock was second only to Kevin Long in devising and executing the fraudulent scheme.

## II. <u>LEGAL STANDARD</u>

When deciding a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted, a court "accept[s] as true all well-pleaded factual allegations … and view[s] these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562. "Rather, the complaint 'must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face.'" *Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023) (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Motions to dismiss are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs. v. Singh*, 428 F.3d 559.

### III. ARGUMENT

**A. Plaintiffs Have Plead Fraud with the Requisite Particularity.**

    **i.    Group Pleading May Be Sufficient Where Defendants Hold the Flow of Information**

Defendants Millrock and Smith argue that Rule 9(b) and the Private Securities Litigation Reform Act of 1995 (PSLRA) impose heightened pleading standards which prohibit Plaintiffs from engaging in group pleading for fraud claims. They rely heavily on *TDC Lending LLC v. Priv. Cap. Grp.*, 340 F. Supp. 3d 1218, 1227 (D. Utah 2018). Millrock and Smith use this case to argue that group pleading "is impermissible" for securities fraud claims. This misreads the case. In fact, "the court conclude[d] group pleading is no longer sufficient to allege scienter for securities fraud." *Id.* Hence, the mere fact that Plaintiffs at some points used group pleading in no way necessarily makes their claim not well plead since group pleading is merely insufficient as to scienter and has never been ruled impermissible or generally inadequate with respect to Rule 9(b).

In fact, courts have ruled that "[w]here it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control, the rigid requirements of Rule 9(b) may be relaxed." *Rockefeller Ctr. Props. Sec. Litig. v. Rockefeller*, 311 F.3d 198. Plaintiffs have reason to believe that Smith was the primary author of the promises on the website that were made regarding their fraudulent scheme, but this information is under the control of Defendants. It is a common strategy of fraud perpetrators to intentionally obfuscate their role within the fraudulent scheme in order to try and evade responsibility. This tactic should not prevent Plaintiffs from

3

moving at least to the discovery period where the perpetrator's role in the fraud can be more fully brought to light.

### ii. Group Pleading *Is* Sufficient When Defendants Conspired to Defraud Plaintiffs

In a case similar to this, and more recently than *TDC Lending LLC v. Priv. Cap. Grp*, this court noted that,

> Group pleadings cannot logically be avoided if, in fact, a group worked together to defraud others: It is obvious that a plaintiff may not be privy to the workings of a group of defendants who have acted in concert to defraud him… Under Rule 9(b) the plaintiff cannot be required to allege with particularity the manner in which individual defendants acted in concert… Plaintiffs have alleged the individual defendants responsible for making certain oral public or written representations attributable to them. The remaining individuals are alleged to have acted in concert to defraud the plaintiffs though various statements and reports. Plaintiffs' allegations are sufficient to provide fair notice of the claims asserted and allow defendants to answer the complaint.[1]

This doctrine applies because first, Plaintiffs have in fact alleged that Defendants conspired to defraud Plaintiffs. Paragraph 1 of the SAC states that, "[d]efendants conspired with one another to engage in a nation-wide scheme to defraud Plaintiffs…". *See SAC, paragraph 1* [Dkt 100]. Second, Plaintiffs have alleged individual defendants are responsible for making certain oral public or written representations attributable to them. *See SAC paragraphs 6, 7, 23, 53, 54, 55, 58, 62, 67, 90, 91, 92, 94, 95, 96, 100, 101, 120, 123, 126, 127, 138, 142, 143, 145*. Since the threshold requirements are met by plaintiffs their allegations are sufficient to provide fair notice of the claims asserted and allow defendants the requisite knowledge to fairly answer the complaint.

### iii. Not All of Plaintiffs' Allegations Are Group Plead Allegations

Notwithstanding the previous two arguments, it is still untrue that Plaintiffs' fraud claims fail due to group pleading because Plaintiffs' SAC identifies multiple misrepresentations and

---

[1] DiTucci v. Ashby, 2020 U.S. Dist. LEXIS 34505 (internal quotations omitted).

omissions made specifically by Millrock and Smith without relying on any kind of group pleading. See for instance, paragraph 126 of the SAC:

> At an in-person meeting at Top Golf in the Fall of 2022, Long told Plaintiff Craig Marsden that, with regard to the Keller TIC, Long had done the most thorough due diligence vetting tenants. Long and Smith represented that Millcreek sold only triple-net properties of the highest quality with tenants known to be safe and financially stable. Long and Smith represented that only the highest-quality reliable tenant would be accepted for a Millcreek property. Long and Smith represented that such a tenant was on site at the Keller property and that the property was "ready to go". These statements were false.

Without any kind of group pleading this allegation identifies the specific defendants making the misrepresentation – one of whom is Smith – to whom the misrepresentation was made, what the misrepresentation was, and when it was made.[2] This alone, is enough of a properly plead allegation to deny Smith's MTD since, when "a claim sounding in fraud contains a hybrid of allegations, some of which satisfy the strictures of Rule 9(b) and some of which do not, an inquiring court may sustain the claim on the basis of those specific allegations that are properly pleaded." *Homes Dev. Corp. v. Edmund & Wheller, Inc.*, 2022 U.S. Dist. LEXIS 176825, *22 (D. N.H. September 29, 2022).

    **iv.    The Heightened Pleading Requirements Cannot Be Applied Equally to Alleged Omissions**

As Judge Campbell observed in the related Rockwell fraud case, omissions which can serve as the sole basis for both securities fraud and common law fraud claims cannot be provided with a specific place and time. "[I]t is unclear how Plaintiffs could have been more specific; because they are alleging that each Defendant failed to make certain disclosures [and] there is no practical way for Plaintiffs to detail the date or place of conversations that never occurred." *DiTucci v. Ashby*,

---

[2] Despite what Defendants would have one believe, the word "and" does not make an allegation "group pleading". If Defendants are still bothered the Plaintiffs can amend the SAC to split the paragraph up into two.

2019 U.S. Dist. LEXIS 106144 *13, (D. Utah June 24, 2019). And as previously stated, "a claim sounding in fraud contains a hybrid of allegations, some of which satisfy the strictures of Rule 9(b) and some of which do not, an inquiring court may sustain the claim on the basis of those specific allegations that are properly pleaded." *Homes Dev. Corp. v. Edmund & Wheller, Inc.*, 2022 U.S. Dist. LEXIS 176825, *22 (D. N.H. September 29, 2022).

The core of this case is that Smith and other owners of Millrock and Millcreek withheld and disguised that: 1) the properties sold were purchased at a fraction of the selling price; 2) that most of the invested money was skimmed off the top for pay-offs and kick-backs; 3) that the tenants were not commercially viable; 4) that there was no real prospect that rent under the long-term leases would ever be paid; and 5) that rents were paid by Millrock or other related entities from newly invested money, not by the tenants. This information is clearly material and none of it was disclosed to Plaintiffs.

    **v.**    **Corporate Officers Are Responsible for Misrepresentations in Securities Related Corporate Publications.**

In *Lorenzo v. SEC*, 587 U.S. 71 (2019), the United States Supreme Court held that because the creation and dissemination of corporate information are the collective actions of officers and directors, individual officers and directors can be held liable under the federal securities laws for fraudulent misrepresentations contained in group published information. It would be incoherent to assert that although group publication is sufficient to establish liability, it is not sufficient at the pleading stage to put defendants on notice. Many courts have so held. The group published information doctrine, for example, excuses a plaintiff from the obligation imposed by 9(b) of attributing statements to a particular defendant speaker. *See e.g., Glenfed II*, 60 F.3d 591, 593. Group-published information includes prospectuses, registration statements, annual reports, and

press releases. *In re Interactive Network, Inc. Securities Litigation, 948 F. Supp.* 917, 920 (N.D. Cal. 1996).

  B. **State Law Securities Fraud and State Law Securities Violation.**

  Smith and Millrock argue that TIC interests are expressly exempt from consideration as securities under the Utah Uniform Securities Act and that therefore Plaintiffs' state law securities fraud and state law securities violation claims fail. The Utah Uniform Securities Act does exclude "undivided fractionalized long-term estate in real property".[3] *See Utah Code Ann. § 61-1-13(1)(ee)(ii).*

  First, Plaintiffs argue that, although Utah law excludes mere TICs from inclusion as "securities", the bundling of a TIC interest with a long-term triple-net lease agreement is a different investment which constitutes an investment contract, which is explicitly considered a security under the Utah Uniform Securities Act. *See Utah Code Ann. § 61-1-13(1)(ee)(i)(k)*. The code not only states that investment contracts are securities, but it also states that the term investment contract includes "an investment in a common enterprise with the expectation of profit to be derived through the essential managerial efforts of someone other than the investor". *See Utah Code Ann. § 61-1-13(1)(s)(i)*. Indeed, as is alleged in the SAC, Machlis promised Plaintiffs that the investment would be completely passive with no need for investors to have any management responsibility because of the included long-term triple-net lease. *See SAC, paragraph 85 [Dkt 100]*. The investment as it was sold to Plaintiffs is a security and remains so whether or not smaller portions of the investment bundle are exempt by themselves.

---

[3] Certain undivided fractionalized long-term estate in real property is included in the definition of a security if there are more than 10 owners and the management agreement does not meet certain qualifications.

Second, Plaintiffs state law-based claims cannot be dismissed based solely on Utah law. Plaintiffs were solicited while residents of several states including Washington, California, Alaska and Idaho. Each of these states has securities laws that substantively differ from Utah's. They do not exempt TIC transactions in their Blue Sky laws and viable state securities law claims can be made in each of these jurisdictions.

### C. Smith and Millrock Owed Plaintiffs a Fiduciary Duty

Defendants argue that Plaintiffs allege no affirmative misrepresentation supporting the claim that there was any duty to disclose omitted information. First, Plaintiffs have alleged numerous affirmative misrepresentations as detailed above. Second, Plaintiffs allege that Defendants, including Smith, held themselves out as having superior skill, knowledge, training, and experience concerning all aspects of the transaction". *See SAC, paragraphs 207-208 [Dkt 100]*. Disclosure is required under Rule 10(b) when necessary to make statements made, in the light of the circumstances in which they were made, not misleading. *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27 (2011). Under the circumstances here, Plaintiffs have more than adequately plead facts supporting a duty to disclose and therefore their negligence and breach of fiduciary duty claims.

### D. Plaintiffs Conferred a Benefit on Smith and Millrock

Defendants argue that the allegation that Smith is an owner of Millrock and that Millrock was paid as from fraudulently appropriated investor funds is inadequate at the pleading stage. First, defendants do not contest that Plaintiffs have adequately pled an unjust enrichment claim against Millrock. Second, defendants, citing *Brumbelow v. L. Offs. of Bennett and Deloney, P.C.*, 372 F.Supp.2d 615, 622-23 (D. Utah 2005), argue that if the only benefit conferred was conferred upon Millrock, Smith solely as a corporate representative could not be liable for unjust enrichment.

While this may be true, *Brumbelow* addressed a motion for summary judgment. Plaintiffs are confident that discovery will show that Smith received kick-backs and referral or finder fees as well as money directly from each fraudulent transaction. Defendants cite to no case holding that at the pleading stage Plaintiffs must detail how stolen money was distributed to each defendant. On a motion to dismiss, an allegation that the defendant received commissions or other compensation from the fraudulent transactions is sufficient to support the element of a benefit "conferred on one person by another." *Hess v. Johnston*, 2007.

### E. Smith and Millrock Acted with Scienter

Scienter is a "mental state embracing intent to deceive, manipulate, or defraud." *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 (1976). A plaintiff must allege facts which provide a basis to believe that defendant knew or was reckless in not knowing "that a statement was materially false or misleading" *North American Catholic Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 13 (1st Cir. 2009). Sometimes establishing scienter is difficult. But this is not an auditing case in which the parties dispute a professional judgment as to the appropriate application of GAAS or GAAP. Here, Smith and the individual defendants knowingly deceived the Plaintiffs. Where Smith is alleged to have lied multiple times to multiple investors to promote sales in which his business was a beneficiary there is no real question of scienter.

### F. Even if the Court Were to Dismiss One or More Claims, Dismissal Should Be without Prejudice.

Absent exceptional circumstances any dismissal under Rule 12(b)(6) must be without prejudice. Plaintiffs should be given the opportunity to seek leave to amend to correct any putative defects in the pleadings. Dismissal of a claim with prejudice is a harsh remedy. "As a general matter, a party should be granted an opportunity to amend his claims prior to a dismissal with prejudice. Indeed, leave to amend is usually permitted if a pleader fails to plead fraud or mistake

9

with sufficient particularity. Dismissal with prejudice is warranted only when a court determines that the allegation of other facts could not possibly cure the deficiency or would be futile." *ReVest, LLC v. Long (In re Long)*, 2010 Bankr. LEXIS 1782, *18 (internal citations omitted).

### IV. CONCLUSION

For the above reasons, Defendants Smith's and Millrock's MTD [Dkt 109] should be denied.

DATED this __21st__ day of May, 2025.

                                              NELSON CHRISTENSEN
                                              HOLLINGWORTH & WILLIAMS

                                                  /s/  Wesley D. Felix
                                              Wesley D. Felix
                                              *Attorney for Plaintiffs*