Brian N. Platt (#17099)
bplatt@wnlaw.com
Chad E. Nydegger (#9964)
cnydegger@wnlaw.com
Ryan C. Morris (#19019)
rmorris@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Anthony J. Durone (*Pro Hac Vice*)
adurone@berkowitzoliver.com
Timothy D. Wallner, (*Pro Hac Vice*)
twallner@berkowitzoliver.com
**BERKOWITZ OLIVER LLP**
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone: (816)561-7007
Facsimile: (816) 561-1888

*Attorneys for Defendants Brent Smith and Millrock Investment Fund 1, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ROGER WILSON, an individual; RAYMOND BOMBEN, an individual; OWENA BOMBEN, an individual; JOSH BOSSHARD, an individual; SOPHAMA CHEA, an individual; SHERMAN FREEZE, an individual; SANDRA FREEZE, an individual; CASSANDRA FREEZE, an individual; LUCY A. GROETSCH, an individual; ROBERT MICHAEL SAYERS, an individual; WILFRED SINDON; an individual; and CRAIG MARSDEN, an individual;<br><br>                    Plaintiffs,<br><br>vs.<br><br>MILLCREEK COMMERICAL PROPERTIES, LLC, a Utah limited liability company; MILLROCK INVESTMENT FUND 1, LLC, a Utah limited liability company; COLLIERS INTERNATIONAL, a business operating in Utah under a dba; EQUITY SUMMIT GROUP P.C., a Utah corporation; BRENT SMITH, an individual; KEVIN G. LONG, an individual; ANDREW BELL, an individual; SCOTT RUTHERFORD, an individual; MARK MACHLIS, an individual; | **REPLY IN SUPPORT OF DEFENDANTS BRENT SMITH AND MILLROCK INVESTMENT FUND 1, LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Case No. 2:24-cv-00624-TC-CMR<br>Judge Tena Campbell<br>Magistrate Judge Cecilia M. Romero |

1

| | |
|---|---|
| GREEN IVY REALTY, INC., a Utah corporation; and DOES 1-10, individuals or entities,<br><br>              Defendants. | |

COMES NOW Defendants Brent Smith ("Smith") and Millrock Investment Fund 1, LLC ("Millrock") (collectively "Millrock Defendants"), by and through their counsel of record, and hereby submit their Reply in Support their Motion to Dismiss Plaintiffs' Second Amended Complaint (Dkt. 100, the "SAC") pursuant to Federal Rules of Civil Procedure 12(b)(6).

## I.    **INTRODUCTION**

Plaintiffs begin their opposition with a narrative of conclusory statements regarding Smith and Millrock. Notably absent from their narrative is any citation to specific allegations in the Second Amended Complaint. This lack of citation is not surprising, because the SAC lacks specific allegations of fact supporting the conclusions set out in the Opposition.

For example, Plaintiffs recite that "Defendants knew that the tenants were incapable of performing on the long-term leases." Dkt. 113 at 1-2. However, beyond this conclusory allegation, Plaintiffs provide no factual support alleging facts showing that Smith or Millrock knew the tenants were unable to perform on the long-term lease.

Plaintiffs further state that "Brent Smith knew that most of the invested money was diverted to Millrock, to undisclosed pay-offs, kick-backs and finder fees or simply kept and spent by the principals of Millrock like Smith." Dkt. 113 at 1. Critically, the facts supporting these allegations in the SAC are attributed to Defendants Long, Colliers, Millcreek, and Machlis, not Defendants Smith or Millrock. *See* Dkt. 100 ¶ 8, 41, 47, and 68.

Plaintiffs now argue that "Smith and Millrock supported the fraudulent scheme by using investor money to pay sham rents giving the appearance that the tenant was paying per the parties' agreements." Dkt. 113 at 1-2.

Instead, to the extent these issues are addressed in the SAC, they are directed to all Defendants, without specification, or some grouping of the ten Defendants. Nor do the allegations of the SAC specify which allegations are related to which properties (of the eight identified in the SAC).

## II. ARGUMENT

### A. PLAINTIFFS FAILED TO ADEQUATELY PLEAD THEIR CLAIMS.

#### 1. Plaintiffs Fail to Plead Facts Sufficient to Satisfy the PSLRA and Rule 9(b).

In attempts to argue their SAC complied with the pleading standards under Rule 9(b) and the PSLRA, Plaintiffs argue that they are permitted to engage in group pleading simply because "Defendants hold the flow of information." Dkt. 113 at 3-6. In doing so, Plaintiffs refer to a pre-*Twombly* and *Iqbal* case, *Rockefeller Ctr. Props. Sec. Litig. v. Rockefeller*, arguing that where it can be shown that the "requisite factual information is peculiarly within the defendant's knowledge or control, the rigid requirements of Rule 9(b) may be relaxed."[1] *Id.* at 3. Critically, however, even when the defendant retains control over the flow of information, "*boilerplate and conclusory allegations will not suffice. Plaintiffs must accompany their legal theory with factual allegations that make their theoretically viable claim plausible.*" In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1418 (3d Cir. 1997); *U.S. v. Bracco USA, Inc.*, No. 24-1668, 2025 WL 1261779 (3d Cir. May 1, 2025) (unpublished). Contrary to Plaintiffs assertion, they are not entitled to rely on group pleading merely because Defendants allegedly control access to certain information.

---

[1] Notably, *In re Rockefeller Ctr. Props. Sec. Litig.*, was decided before *Twombly* and *Iqbal*, under a different pleading standard.

3

Plaintiffs are still required to allege specific facts that support their claims in accordance with the heightened pleading standards under the PLSRA and Rule 9(b) – something they have continuously failed to do.

Moreover, "a plaintiff cannot evade the PSLRA's pleading standard by repackaging its misrepresentations claim as a 'scheme.'" *Gnanaraj v. Lilium N.V.*, 2024 WL 3916758, at *10 (S.D. Fla. Aug. 23, 2024). That is precisely what Plaintiffs have attempted to do here. Plaintiffs' Opposition illustrates exactly why and how their allegations as to Smith and Millrock continue to fail. Instead of explaining how the SAC might be construed to articulate a claim as to Smith or Millrock, Plaintiff's Opposition makes assertions (without citation or support) that they should be permitted to engage in group pleading because Defendants were alleged to engage in a scheme to defraud Plaintiffs. These blanket assertions cannot support any claim as to Smith or Millrock.

### 2. Plaintiffs Fail to Allege Facts Sufficient to Show Scienter

To state a claim pursuant to Section 10(b), a plaintiff must plead: "(1) the defendant made an untrue or misleading statement of material fact, or failed to state a material fact necessary to make statements not misleading; (2) the statement complained of was made in connection with the purchase or sale of securities; (3) the defendant acted with scienter, that is, with intent to defraud or recklessness; (4) the plaintiff relied on the misleading statements; and (5) the plaintiff suffered damages as a result of his reliance." *Smallen v. The W. Union Co.*, 950 F.3d 1297, 1304 (10th Cir. 2020). Here, Plaintiffs do not meet their burden to plead facts sufficient to demonstrate the Millrock Defendants acted with scienter. The mere fact that establishing scienter may be "difficult" does not absolve Plaintiffs of the obligation to allege facts sufficient to demonstrate scienter. Plaintiffs have not met this burden and offer no direct reference to the actual allegations demonstrating how their SAC complies with this requirement. Plaintiffs' First and Second Causes of Action should be dismissed.

### B. PLAINTIFFS' FRAUD-BASED CLAIMS FAIL TO COMPLY WITH RULE 9(b).

Plaintiffs remaining fraud-based claims, including common law fraud (Sixth Cause of Action), negligent misrepresentation claim (Seventh Cause of Action), breach of fiduciary duty (Eighth Cause of Action) and unjust enrichment (Ninth Cause of Action) must also be dismissed based on Plaintiffs' failure to satisfy Rule 9(b) with respect to these claims. As discussed above, Plaintiffs did not satisfy the heightened pleading standard for any of their fraud-based claims, including their securities fraud cause of action.[2]

With respect to Plaintiffs' fraud-based claims, Plaintiffs generally "incorporate by reference all preceding and subsequent paragraphs" but fail to allege specific facts supporting their general allegations. (SAC ¶¶ 185, 195, 206, 220). Such broad reference is improper, especially given that not every preceding paragraph is relevant to Plaintiffs' common law fraud and negligent misrepresentation claims. *Fuhrman v. Mawyer*, 2023 WL 5672314, at *15 (M.D. Pa. Sept. 1, 2023) (noting that "while a complaint may incorporate by reference any prior paragraphs that are necessary to pleading a plausible cause of action, [it] may not use the improper expedient of simply incorporating by reference all prior paragraphs . . . since such a practice does not provide adequate

---

[2] Moreover, as set out in the pending Motion to Dismiss, Plaintiffs' claims are based on fraudulent conduct, so the heightened pleading requirements of Rule 9(b) applies to all of Plaintiffs claims. *See* Dkt. 109 at 5-12. All of Plaintiffs' claims are grounded in allegations of fraud, thereby triggering the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which mandates that the circumstances constituting fraud or mistake be pled with particularity. Plaintiffs have failed to meet that burden.

Plaintiffs' Sixth, Seventh, Eighth and Ninth Causes of Action, for common law fraud, negligent misrepresentation, breach of fiduciary duty, and unjust enrichment, each fail as a matter of law because Plaintiffs have not met the pleading standards under either Rule 9(b) or Rule 8(a). This failure stems from Plaintiffs' improper use of impermissible "group pleading" against all Defendants, without specifying the "who, what, when, where, and how" required by Rule 9. *Combs v. SafeMoon LLC,* Case No. 2:22-cv-00642-DBB-JCB, 2024 WL 1347409, *4 (D. Utah March 29, 2024), *citing Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997).

notice for purposes of Rule 8."); *Barboza v. Mercedes-Benz USA, LLC,* No. 1:22-CV-0845 AWI CDB, 2022 U.S. Dist. LEXIS 232366 (E.D. Cal. Dec. 27, 2022). Tellingly, Plaintiffs have failed to cite to any case law supporting that such incorporation by reference is proper, especially when dealing with heightened pleading standards.

The heightened pleading requirement in fraud actions serves an important objective, which is to give defendants notice of the claims against them. *In re Rockefeller Center Properties, Inc. Securities Litigation*, 311 F.3d 198 (3rd Cir. 2002). By engaging in group pleading, Plaintiffs make it difficult to understand what claims or statements, if any, are attributed to them by Plaintiffs, making it difficult to defend or understand the case against them.

Plaintiffs contend that numerous misrepresentations were made by Smith and Millrock; however, Plaintiffs only identify one allegation sufficiently material to warrant discussion. *See* Dkt. 113 at p. 6. Moreover, even there, the allegations are not specific to Smith but are attributed to "Smith and Long." Moreover, the allegations in ¶126 of the SAC concern alleged statements directed to only one of the twelve Plaintiffs in this matter. While Plaintiffs are not required to provide representative examples of *all* the false claims, they are required to identify at least *some*. Plaintiffs' sole instance of alleged misrepresentations attributed to Smith (and Long) to one specific Plaintiff cannot satisfy their burden of the heightened pleading standard. Plaintiffs' conclusory group allegations do not meet their burden. As such, Smith and Millrock respectfully request this Court dismiss Plaintiffs' fraud-based claims, including the Sixth, Seventh, Eighth, and Ninth Causes of Action asserted against them.

### C. PLAINTIFFS STATE LAW SECURITIES CLAIMS MUST BE DISMISSED.

Plaintiffs do not dispute that an undivided, fractionalized, long-term interest in real property, such as the TIC interests at issue here, is exempt from the definition of a security under Utah law. Instead, they assert that the mere addition of a lease agreement somehow transforms

these otherwise exempt interests into securities, without offering any legal basis or support for this conclusion. Critically, the statutory provisions Plaintiffs cite for this conclusion merely reiterate that an "investment contract" qualifies as a security under Utah law; they offer no meaningful support for the proposition that the TIC interests at issue should be reclassified as investment contracts. Plaintiffs' attempt to recharacterize their undivided, long-term interests in real property as "investment contracts" is baseless and cannot save their claims from dismissal. Because the TIC interests are clearly exempt under Utah law, Plaintiffs' state securities claims should be dismissed.

Moreover, Plaintiffs devote only three sentences to address Defendants' arguments that they failed to plead the specific state securities statutes under which they seek relief. Instead of identifying the applicable statutes in their SAC or their opposition, Plaintiffs vaguely reference the states in which the TIC interests were allegedly purchased. This vague reference is insufficient. Because Plaintiffs have failed to allege specific state securities statutes, dismissal of Plaintiffs' Third, Fourth, and Fifth Causes of Actions are warranted. When counts are based on allegations of fraud in violation of state statutes, Rule 9(b) requires Plaintiffs to indicate the state statutes under which they seek relief. *Chrysler Cap. Corp. v. Century Power Corp.*, 778 F. Supp. 1260, 1270 (S.D.N.Y. 1991). Where, as here, the Complaint fails to do so, dismissal is appropriate. *Id.* Notably, even if the SAC identified the state statutes upon which its state securities claims are premised, which it does not, that identification alone would not defeat a motion to dismiss. *Batson v. Rim San Antonio Acquisition, LCC*, No. 15-CV-07576 (ALC), 2016 WL 6901312, at *16 (S.D.N.Y. Nov. 22, 2016). For these reasons, the Second Amended Complaint should be dismissed.

**D. PLAINTIFFS' CLAIM FOR BREACH OF FIDUCIARY DUTY IS BASELESS AND MUST BE DISMISSED**

Plaintiffs conclusorily assert that they have more than "adequately" plead facts supporting a duty to disclose and offer no further basis to assert that Defendants breached a fiduciary duty to

them.[3] However, Plaintiffs fail to allege, much less establish, a factual or legal basis giving rise to a fiduciary relationship between themselves and Defendants.

Under Utah law, a fiduciary relationship only exists under specific, narrow circumstances:

A fiduciary relationship imparts a position of peculiar confidence placed by one individual in another. A fiduciary is a person with a duty to act primarily for the benefit of another. A fiduciary is in a position to have and exercise and does have and exercise influence over another. A fiduciary relationship implies a condition of superiority of one of the parties over the other. Generally, in a fiduciary relationship, the property, interest or authority of the other is placed in the charge of the fiduciary.

*Fid. & Deposit Co. of Maryland v. Goran, LLC*, No. 2:17-CV-TC-JCB, 2021 WL 2418624, at *2 (D. Utah June 14, 2021), *citing First Sec. Bank of Utah N.A. v. Banberry Dev. Corp.*, 786 P.2d 1326, 1333 (Utah 1990). Plaintiffs' general allegations (directed to all Defendants) do not adequately allege a fiduciary relationship between each Plaintiff specifically and the Millrock Defendants. Plaintiffs do not allege the existence of any specific contract between any Plaintiff and any Millrock Defendant giving rise to a fiduciary relationship. It is undisputed that Smith was not an agent representing Plaintiffs in the transactions at issue, and Plaintiffs do not allege otherwise. This lawsuit is based on a series of arm's length transactions between Plaintiffs and various entities. Plaintiffs knew they were purchasing valuable commercial property interests and were represented, or had the opportunity to be represented, by their own real estate agent.

Plaintiffs have failed to allege specific facts giving rise to a fiduciary relationship between any specific plaintiff and any Millrock Defendant. Absent such a relationship, there are no

---

[3] As asserted in Defendants Motion to Dismiss, Plaintiffs allegations for fiduciary duty boil down to conclusory assertions that "Defendants owed Plaintiffs fiduciary duties of utmost honest, loyalty, and care, and a duty to use their special skills for Plaintiffs' benefit." SAC, ¶ 211. Plaintiffs' Opposition provides no additional support for the existence of any fiduciary duty owed by Defendants to Plaintiffs as it merely repeats the allegations set forth in their SAC and fails to address Defendants' arguments or identify how those allegations support a fiduciary duty.

fiduciary duties owed to Plaintiffs by Millrock Defendants. Accordingly, Plaintiffs cannot sustain their fiduciary duty claim, and dismissal is warranted.

### E. PAINTIFFS' CLAIM FOR UNJUST ENRICHMENT SHOULD BE DENIED

First, Plaintiffs incorrectly claim that the Millrock Defendants have conceded that unjust enrichment has been adequately pleaded as to Millrock. They have not. *See* Dkt. 109 at 14. Next, Plaintiffs jump from that false assumption to argue that they need only allege that a defendant received commissions from fraudulent transactions, apparently relying on *Hess v. Johnston*, 2007 UT App 213, ¶ 20, 163 P.3d 747, 754. That reliance is misplaced. *Hess* was a state case, not subject to the FRCP's pleading requirements. Plaintiffs' allegations do not rise above "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. As such, they should be dismissed as to the Millrock Defendants.

### F. PLAINTIFFS' REQUEST FOR LEAVE TO AMEND SHOULD BE DENIED

Plaintiffs offer no additional allegations, giving rise to plausible claims. Even with the benefit of those additional allegations in Plaintiffs Opposition, it remains unclear whether Smith or Millrock are alleged to have interacted with any Plaintiff (beyond one interaction, with one plaintiff, at Top Golf), when, about what, whether there were misrepresentations or omissions, what Smith or Millrock's relationship with any Plaintiff was, or any of the other requirements of the PSLRA, Rule 9(b), or even Rule 8 requires for an adequate pleading. Further, Plaintiffs offer no proposed revisions illustrating how an amendment would permit them to state a claim for which relief could be granted. Therefore, Plaintiffs' claims should be dismissed with prejudice.

### III. CONCLUSION

For the foregoing reasons, Defendants Smith and Millrock respectfully request the Court

dismiss the Second Amended Complaint in its entirety with prejudice.

DATED this 4th day of June, 2025.

        WORKMAN NYDEGGER

        By: /s/ Brian N. Platt
        Brian N. Platt
        Chad E. Nydegger
        Ryan C. Morris

        BERKOWITZ OLIVER LLP

        Anthony J. Durone (*pro hac vice*)
        Timothy D. Wallner (*pro hac vice*)

        *Attorneys for Defendants Brent Smith and Millrock Investment Fund 1, LLC*