Brian N. Platt (#17099)
bplatt@wnlaw.com
Chad E. Nydegger (#9964)
cnydegger@wnlaw.com
Ryan C. Morris (#19019)
rmorris@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Anthony J. Durone (*Pro Hac Vice*)
adurone@berkowitzoliver.com
Timothy D. Wallner, (*Pro Hac Vice*)
twallner@berkowitzoliver.com
**BERKOWITZ OLIVER LLP**
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone:  (816)561-7007
Facsimile:   (816) 561-1888
*Attorneys for Defendants Brent Smith*
*and Millrock Investment Fund 1, LLC*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROGER WILSON, an individual; RAYMOND BOMBEN, an individual; OWENA BOMBEN, an individual; JOSH BOSSHARD, an individual; SOPHAMA CHEA, an individual; SHERMAN FREEZE, an individual; SANDRA FREEZE, an individual; CASSANDRA FREEZE, an individual; LUCY A. GROETSCH, an individual; ROBERT MICHAEL SAYERS, an individual; WILFRED SINDON; an individual; and CRAIG MARSDEN, an individual; <br><br> Plaintiffs, <br><br> vs. <br><br> MILLCREEK COMMERICAL PROPERTIES, LLC, a Utah limited liability company; MILLROCK INVESTMENT FUND 1, LLC, a Utah limited liability company; COLLIERS INTERNATIONAL, a business operating in Utah under a dba; EQUITY SUMMIT GROUP P.C., a Utah corporation; BRENT SMITH, an individual; KEVIN G. LONG, an individual; ANDREW BELL, an individual; SCOTT RUTHERFORD, an individual; MARK MACHLIS, an individual; GREEN IVY REALTY, INC., a Utah | **DEFENDANTS BRENT SMITH AND MILLROCK INVESTMENT FUND 1, LLC'S ANSWER TO SECOND AMENDED COMPLAINT** <br><br> Case No. 2:24-cv-00624-TC-CMR <br> Judge Tena Campbell <br> Magistrate Judge Cecilia M. Romero |

1

| | |
|---|---|
| corporation; and DOES 1-10, individuals or entities,<br><br>Defendants. | |

Defendants Brent Smith ("Smith") and Millrock Investment Fund 1, LLC ("Millrock" together "Millrock Defendants"), through their counsel of record, hereby answers the Second Amended Complaint (the "Complaint") filed by Plaintiffs in the above-captioned case and, without prejudice to their right to file an amended answer and/or counterclaims after additional discovery or investigation, admit, deny and/or avers as follows:

<b><u>FIRST DEFENSE</u></b>

Millrock Defendants respond as follows to the allegations contained in the numbered paragraphs of the Complaint:

1. Deny.

2. Deny.

3. Deny.

4. Deny each and every allegation on the ground that Millrock Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations (hereinafter, "**Deny for lack of information**").

5. Deny for lack of information.

6. Deny for lack of information.

7. Deny for lack of information.

8. Deny.

9. Deny for lack of information.

10. Deny for lack of information.

11.     Deny for lack of information.

12.     Deny for lack of information.

13.     Deny for lack of information.

14.     Deny for lack of information.

15.     Deny for lack of information.

16.     Deny for lack of information.

17.     Deny for lack of information.

18.     Deny for lack of information.

19.     Deny, except admit Plaintiffs so allege.

20.     Admit Millcreek Commercial Properties, LLC ("Millcreek") was a Utah limited liability company that has been voluntarily dissolved; deny each and every remaining allegation.

21.     Admit.

22.     Deny.

23.     Deny any fraud by Smith and deny each and every remaining allegation for lack of information.

24.     Deny for lack of information.

25.     Deny for lack of information.

26.     Admit Long resides in Utah; deny each and every remaining allegation.

27.     Deny for lack of information.

28.     The paragraph purports to state a legal conclusion regarding agency and "employee" status, to which no response is required; to the extent a response is required, deny each and every allegation, except admit Long has an ownership interest in, and participated in the formation of, Millrock.

29.     Deny for lack of information.

30.     Deny for lack of information.

31.     Admit Long participated in the formation of Millcreek and Millrock; deny each and every remaining allegation.

32.     Deny for lack of information.

33.     Deny for lack of information.

34.     Admit.

35.     Deny for lack of information.

36.     The paragraph purports to state a legal conclusion regarding agency and "employee" status, to which no response is required; to the extent a response is required, deny each and every allegation for lack of information.

37.     The paragraph purports to state a legal conclusion regarding agency and "employee" status, to which no response is required; to the extent a response is required, deny each and every allegation for lack of information.

38.     Deny for lack of information.

39.     The paragraph purports to state a legal conclusion regarding agency and "employee" status, to which no response is required; to the extent a response is required, deny each and every allegation for lack of information.

40.     Deny for lack of information.

41.     Deny for lack of information.

42.     Deny for lack of information.

43.     Deny for lack of information.

44.     The paragraph purports to state a legal conclusion regarding agency, to which no response is required; to the extent a response is required, deny each and every allegation for lack of information.

45.     Deny for lack of information.

46.     Deny for lack of information.

47.     Deny for lack of information.

48.     Deny, except admit Plaintiffs so allege.

49.     The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny each and every allegation for lack of information.

50.     The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny each and every allegation for lack of information.

51.     The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny each and every allegation for lack of information.

52.     The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny each and every allegation for lack of information.

53.     Admit Millcreek previously marketed tenant-in-common ("TIC") interests in commercial real estate, including at times to buyers seeking IRS 1031 exchange treatment; deny each and every remaining allegation.

54.     Admit Long upon information and belief participated in the formation of Millcreek, and that Millcreek was a sales team operating under the Colliers umbrella in marketing and selling TIC interests; deny each and every remaining allegation for lack of information.

55.     Deny for lack of information.

56.     Admit Millrock has, at times, purchased commercial properties and entered into long-term lease agreements on said properties; deny each and every remaining allegation for lack of information.

57.     Deny.

58.     Deny for lack of information.

59.     Admit.

60.     Admit Millrock, at times, contracted with developers to make renovations, improvements, and perform construction on certain properties; deny each and every remaining allegation for lack of information.

61.     Deny for lack of information.

62.     Deny for lack of information.

63.     Deny for lack of information.

64.     Deny for lack of information.

65.     Deny.

66.     Deny for lack of information.

67.     Deny for lack of information.

68.     Deny for lack of information.

69.     Admit upon information and belief Long was for a period of time a Senior Vice President of the Utah division of Colliers and that the alleged electronic image of an email speaks for itself; deny each and every remaining allegation.

70.     Admit upon information and belief Long was for a period of time Principal Broker and COO of CBC Advisors; deny each and every remaining allegation.

71.    Admit Long participated in the formation of Millcreek and Millrock; deny each and every remaining allegation.

72.    Admit upon information and belief Long was President of Millcreek Commercial and that the alleged excerpt from a LinkedIn page speaks for itself; deny each and every remaining allegation.

73.    Deny each and every allegation, except admit the alleged excerpt from the Millcreek/Colliers website speaks for itself.

74.    Deny for lack of information.

75.    Admit Millcreek has marketed TIC interests in commercial properties; deny each and every remaining allegation for lack of information.

76.    Admit.

77.    Admit TIC interests marketed by Millcreek were not registered as securities; deny each and every remaining allegation where the paragraph purports to state a legal conclusion to which no response is required, and where required, deny for lack of information.

78.    Deny for lack of information.

79.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny each and every allegation for lack of information.

80.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny each and every allegation for lack of information.

81.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny each and every allegation for lack of information.

82.    Deny for lack of information.

83.    Deny for lack of information.

84.    Admit that some properties marketed by Millcreek had tenants under triple net leases; deny each and every remaining allegation for lack of information.

85.    Deny for lack of information.

86.    Deny for lack of information.

87.    Deny for lack of information.

88.    Deny for lack of information.

89.    Deny for lack of information.

90.    The content purportedly cited and contained in Millcreek's website speaks for itself; deny each and every remaining allegation for lack of information.

91.    The content purportedly cited and contained in Millcreek's website speaks for itself; deny each and every remaining allegation for lack of information.

92.    The content purportedly cited and contained in Millcreek's website speaks for itself; deny each and every remaining allegation for lack of information.

93.    Deny for lack of information.

94.    The contents of the article purportedly cited speak for themselves; deny each and every remaining allegation for lack of information.

95.    Deny for lack of information.

96.    Deny for lack of information.

97.    Deny for lack of information.

98.    The purported contents of the marketing materials speak for themselves; deny each and every remaining allegation.

99.    The purported contents of the Millcreek website speak for themselves; deny each and every remaining allegation.

100. The purported contents of the Millcreek website speak for themselves; deny each and every remaining allegation.

101. The purported contents of the Millcreek website speak for themselves; deny each and every remaining allegation.

102. Deny for lack of information.

103. Deny for lack of information.

104. The purported contents of the Millcreek website speak for themselves; deny each and every remaining allegation.

105. Deny for lack of information.

106. Deny for lack of information.

107. Deny for lack of information.

108. The purported contents of the "Offering Memorandum" speak for themselves; deny each and every remaining allegation.

109. The purported contents of the "Offering Memorandum" speak for themselves; deny each and every remaining allegation.

110. The purported contents of the "Offering Memorandum" speak for themselves; deny each and every remaining allegation.

111. Deny for lack of information.

112. Deny for lack of information.

113. Deny for lack of information.

114. Deny.

115. Deny for lack of information.

116. Deny for lack of information.

117.    Deny.

118.    Deny for lack of information.

119.    Deny for lack of information.

120.    Deny for lack of information.

121.    Deny for lack of information.

122.    Deny for lack of information.

123.    Deny for lack of information.

124.    Deny for lack of information.

125.    Deny for lack of information.

126.    Deny for lack of information.

127.    Deny for lack of information.

128.    Deny for lack of information.

129.    Deny.

130.    Deny.

131.    Deny.

132.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny each and every allegation for lack of information.

133.    Deny for lack of information.

134.    Deny for lack of information.

135.    Deny for lack of information.

136.    Deny for lack of information.

137.    Deny for lack of information.

138.    Deny for lack of information.

139.    Deny for lack of information.

140.    Deny for lack of information.

141.    Deny for lack of information.

142.    Deny for lack of information.

143.    Deny for lack of information.

144.    Deny for lack of information.

145.    Deny for lack of information.

146.    Deny for lack of information.

**FIRST CAUSE OF ACTION**
**(Violations of Section 10(b) of the Securities Exchange Act and Rule 10b-5 Against All Defendants)**

147.    Answering paragraph 147 of the Complaint, Millrock Defendants state that this paragraph is an incorporation by reference of the preceding portions of the Complaint. To the extent a specific reply is required to this paragraph, Millrock Defendants incorporate by reference their responses to the specific paragraphs incorporated thereby.

148.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

149.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

150.    Deny.

151.    Deny for lack of information.

152.    Deny for lack of information.

153.    Deny for lack of information.

154.    Deny.

155.  Deny for lack of information.

156.  Deny for lack of information.

## SECOND CAUSE OF ACTION
### (Control Person Liability Under the Securities Exchange Act Against Long, Smith, Bell, and Rutherford)

Pursuant to the Court's Order of 8/7/2025 (ECF#122), this cause of action has been dismissed with prejudice as to Defendant Smith.

## THIRD CAUSE OF ACTION
### (State Law Securities Fraud – Against All Defendants)

Pursuant to the Court's Order of 8/7/2025 (ECF#122), this count has been dismissed with prejudice as to all Defendants.

## FOURTH CAUSE OF ACTION
### (State Law Securities Violation/Sale by Unlicensed Broker or Investment Adviser – Against All Defendants)

Pursuant to the Court's Order of 8/7/2025 (ECF#122), this count has been dismissed with prejudice as to all Defendants.

## FIFTH CAUSE OF ACTION
### (Materially Aiding State-Law Securities Fraud – Against Long, Smith, Bell, and Rutherford)

Pursuant to the Court's Order of 8/7/2025 (ECF#122), this count has been dismissed with prejudice as to all Defendants.

## SIXTH CAUSE OF ACTION
### (Common Law Fraud – Against All Defendants)

185.  Answering paragraph 185 of the Complaint, Millrock Defendants state that this paragraph is an incorporation by reference of the preceding portions of the Complaint. To the extent a specific reply is required to this paragraph, Millrock Defendants incorporate by reference their responses to the specific paragraphs incorporated thereby.

186.  Deny for lack of information.

187.    Deny.

188.    Deny for lack of information.

189.    Deny.

190.    Deny for lack of information.

191.    Deny for lack of information.

192.    Deny for lack of information.

193.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

## SEVENTH CAUSE OF ACTION
### (Negligent Misrepresentation – Against All Defendants)

194.    Answering paragraph 194 of the Complaint, Millrock Defendants state that this paragraph is an incorporation by reference of the preceding portions of the Complaint. To the extent a specific reply is required to this paragraph, Millrock Defendants incorporate by reference their responses to the specific paragraphs incorporated thereby.

195.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

196.    Deny for lack of information.

197.    The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

198.    Deny for lack of information.

199.    Deny.

200.    Deny for lack of information.

201.    Deny.

202.    Deny for lack of information.

13

203. Deny for lack of information.

204. Deny for lack of information.

205. Deny.

## EIGHTH CAUSE OF ACTION
### (Breach of Fiduciary Duty – Against All Defendants)

Pursuant to the Court's Order of 8/7/2025 (ECF#122), this cause of action has been dismissed with prejudice as to Defendants Smith and Millrock.

## NINTH CAUSE OF ACTION
### (Unjust Enrichment of Defendants – Against All Defendants)

220. Answering paragraph 220 of the Complaint, Millrock Defendants state that this paragraph is an incorporation by reference of the preceding portions of the Complaint. To the extent a specific reply is required to this paragraph, Millrock Defendants incorporate by reference their responses to the specific paragraphs incorporated thereby.

221. Deny for lack of information.

222. Deny for lack of information.

223. Deny for lack of information.

224. Deny.

225. Deny.

226. The paragraph purports to state a legal conclusion to which no response is required; to the extent a response is required, deny.

## DEMAND FOR RELIEF

To the extent a response is required to Plaintiffs' Demand for Relief, Millrock Defendants deny that Plaintiffs are entitled to the relief requested, and otherwise deny each and every allegation contained therein.

## SECOND DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs is subject to offset in the amount of any benefits, and the amount of any tax benefits, actually received by Plaintiffs.

## THIRD DEFENSE

Plaintiffs are barred from claiming injury or damage, if any, because they failed to make reasonable efforts to mitigate such injury or damage, which would have prevented their injury or damages, if any.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, insofar as they were expressly advised in public filings and otherwise regarding the material facts and risks concerning their investments. Plaintiffs knew or should have known the financial condition of the relevant lessees and the risks associated with triple-net leases and lessees under such leases failing. In failing to consider these risks, Plaintiffs assumed the risk that such person or entity might be damaged by purchasing or acquiring TIC interests. Plaintiffs therefore are estopped from recovering any relief.

## FIFTH DEFENSE

The purported damages, if any, allegedly sustained by Plaintiffs were, in whole or in part, proximately caused by or contributed to market conditions and/or the conduct of others, or both, rather than any conduct of Millrock Defendants.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the matters now claimed by the Complaint to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain and, as such, were available to Plaintiffs. Accordingly, Plaintiffs could not rely

15

upon such alleged misstatements or omissions and were not damaged by the alleged misrepresentations or omissions.

## SEVENTH DEFENSE

Plaintiffs were negligent and did not exercise due care to discover the existence of some or all of the facts alleged in the Complaint upon which they asserts liability against Millrock Defendants. Thus, the actual and proximate cause of the damage, if any, to Plaintiffs, in whole or in part, is their own actions, omissions, and/or contributory or comparative negligence and their failure to exercise reasonable care, and/or the actions and/or omissions of third parties over which Millrock Defendants had no control.

## EIGHTH DEFENSE

If any false or misleading statement was made, or any material fact required to be stated or necessary to make any statement made not misleading was omitted (which Millrock Defendants deny), then the Plaintiffs were aware of that misstatement or omission and/or did not rely upon it.

## NINTH DEFENSE

With respect to Plaintiffs' claims under Section 10(b) of the Exchange Act, any recovery for damages allegedly incurred by Plaintiffs is limited to the percentage of responsibility of Long in proportion to the total fault of all persons, named as parties to this action or not, who caused or contributed to the alleged damages of Plaintiffs, pursuant to the Proportionate Liability provisions of Section 21D(f) of the Exchange Act, 15 U.S.C. § 78u-4(f).

## TENTH DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs is barred, in whole or in part, by the damages limitations in Section 21D(e) of the Exchange Act, 15 U.S.C. § 78u-4(e).

**ELEVENTH DEFENSE**

Plaintiffs did not rely upon any of the statements and/or omissions alleged to have been false or misleading, and would have acquired the TIC interests even if, at the time they acquired the interests, they knew of the allegedly untrue statements of material fact, omissions of material fact, or misleading statements or other wrongful conduct upon which Millrock Defendants' liability purportedly rests.

**TWELFTH DEFENSE**

The claims of Plaintiffs are barred in whole or in part by the doctrines of accord and satisfaction, waiver, estoppel, release, laches, ratification, wrongful conduct, bad faith, failure to do equity and/or unclean hands.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Millrock Defendants acted in good faith and in conformity with all applicable statutes and all applicable rules.

**FOURTEENTH DEFENSE**

The claims alleged in the Complaint are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, Utah Code §§ 61-1-22(7)(a), 78B-2-305(3), 78B-2-307(1) and (3), and 78B-2-309(1)(b); and 28 U.S.C. § 1658.

**FIFTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the alleged securities and the transactions at issue, insofar as they are deemed securities, are exempt from any state or federal registration requirements.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged securities are not "securities," as defined under federal or state law.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Utah Code §§ 78B-5-817 through 823.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to comply with the pleading and substantive requirements of the Private Securities Litigation Reform Act of 1995.

## NINETEENTH DEFENSE

Millrock Defendants deny generally and specifically each and every allegation contained in the Complaint which they do not specifically herein admit. Millrock Defendants deny that Plaintiff is entitled to any of the relief prayed for in the Complaint.

## TWENTIETH DEFENSE

The Complaint, and each cause of action stated therein, fails to state a claim upon which relief can be granted.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Millrock Defendants complied with all relevant statutes, rules and regulations.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the economic loss doctrine.

## TWENTY-THIRD DEFENSE

Plaintiffs' claim for punitive damages is barred because it fails to meet the legal or factual standard for punitive damages against Millrock Defendants.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims sounding in fraud are barred, in whole or in part, by their failure to plead such claims with the requisite particularity.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Millrock Defendants were not a party to the agreements entered into by Plaintiffs, and thus is not subject to liability for Plaintiffs' claims arising from, or relating to, those agreements.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the terms of the agreements they entered into, relating to the transactions at issue in this lawsuit.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by a failure or lack of consideration.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, on the basis that Millrock Defendants owed no duty to Plaintiffs, and Millrock Defendants had no fiduciary relationship with Plaintiffs.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Millrock Defendants lacked the necessary knowledge, intent, willfulness, or scienter for any of them to be liable to Plaintiffs.

## THIRTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to join one or more necessary and indispensable parties.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims are or may be barred to the extent they are not brought in good faith or for proper means, potentially exposing Plaintiffs to liability to Millrock Defendants for its attorney fees.

## THIRTY-SECOND DEFENSE

Millrock Defendants reserve the right to assert additional defenses to Plaintiffs' claims as this case proceeds.

DATED this 21st day of August, 2025.

WORKMAN NYDEGGER

By: /s/ Brian N. Platt
Brian N. Platt
Chad E. Nydegger
Ryan C. Morris

BERKOWITZ OLIVER LLP

Anthony J. Durone
Timothy D. Wallner

*Attorneys for Defendants Brent Smith and Millrock Investment Fund 1, LLC*